## HENDERSHOTT v. CITY OF GRAND RAPIDS.

1. HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — PERSONAL INJURIES—LIABILITY OF MUNICIPALITY—DEFENSES.

A city is not relieved of its statutory liability ·for injuries caused by a defective sidewalk because the injured person was at the time of the accident in possession as tenant of the premises in front of which the sidewalk was laid, where the defect which caused the injury was not due to any act of his.

2. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE OF DEFECT—QUESTION OF FACT.

Whether a defect in a sidewalk has existed a sufficient length of time and under such circumstances that the city is deemed to have had notice thereof is a question of fact, and not one of law; and it is error for the court to charge that the existence of the defect for a certain time is of itself to be deemed constructive notice.

Error to superior court of Grand Rapids; Newnham, J. Submitted October 13, 1905. (Docket No. 61.) Decided December 4, 1905.

Case by Henry C. Hendershott against the city of Grand Rapids for personal injuries. There was judgment for plaintiff, and defendant brings error.    Reversed.

*Moses Taggart* and *R. M. Ferguson,* for appellant.
*William Wisner Taylor,* for appellee.

MOORE, C. J.    The plaintiff recovered a judgment in the sum of $250 for injuries he received upon a defective sidewalk.    The case is brought here by writ of error.

There are a great many assignments of error, but we do not deem it necessary to discuss all of them.    A short time before plaintiff was injured he rented a house and lot, into which he moved.    This house was south of Sweet street, and about 25 or 30 feet west of North College avenue.    It is the claim of plaintiff that he was not familiar with that part of the city, and that when he left his residence, instead of going out the front door and down the walk to North College avenue, and thence on that street, he went in a northeasterly direction to Sweet street, and at the time of the accident was not familiar with the walk in front of the premises where the accident occurred.

We have examined the assignments of error in relation to the admission of testimony, and do not think them well taken.    We have also examined the assignments of error in relation to the claim that the testimony does not disclose any negligence on the part of the city.    We do not think they are well taken.    In relation to the claim that plaintiff was himself negligent, we think the question was properly submitted to the jury by the trial judge.

It is the claim of counsel for the city that, inasmuch as plaintiff was injured upon a defective sidewalk in front of the premises occupied by him, he cannot recover.    No case in point is cited by counsel in favor of this proposition.    Whatever relation may exist between landlord and tenant, we do not think it can be said that the city is relieved of its statutory liability, growing out of a defective sidewalk, because of the fact that the injured person hap-

pens to be one in possession of the premises as tenant at the time of the accident, when the defect which caused the injury was not due to any act of his.

There are several assignments of error in relation to the charge of the court. As to some of these assignments of error, there are portions of the charge in relation to the liability of the city, which, standing by themselves, are not correct statements of the law; but the jury were told over and over again in the charge that the city was not an insurer of travelers on the street, but that its duty was performed if it kept its walks reasonably safe for ordinary travel, and we do not think the jury could have been misled in that respect. See *Gilson* v. *City of Cadillac*, 134 Mich. 189.

In relation to the question of constructive notice the judge charged the jury as follows:

"Now, gentlemen of the jury, before, however, the city can be held liable for damages on account of a defect in a sidewalk, it must be shown that the city had notice of that defect. Now, there are two ways in which notice can be given. Notice may be actual, or it may be constructive. Now, actual notice is where the city knows of itself, or where it has been brought to its attention, the defective condition, and to the knowledge of the city by its officers, or where the officers of the city have seen the defects themselves, but, after they have had that notice, then it becomes the duty of the city to repair it in a reasonable time. Now that is what we call actual notice.

"Constructive notice may be where the city, perhaps, has never seen it—the officers may never have seen it—but, in consequence of the defect being there so long, it was the duty of the city, in exercising its supervision over the streets, to have found out that defect. So, therefore, if you find that that defect had been existing there for quite a length of time—a month or more we will say—that would be constructive notice to the city, because the city, on account of its having the supervision of the streets, should have found what the condition of the walk was. That is what we call constructive notice. The city should have known it, because it has the supervision of the streets, but, of course, it should be long enough beforehand, so that the city would reasonably have time to

repair it in doing its ordinary duty upon the streets by its proper officers."

This is contrary to the holding of this court in *Thomas v. City of Flint*, 123 Mich. 10 (47 L. R. A. 499). We think this was error. The question whether the defect has existed a sufficient length of time and under such circumstances that the municipality is deemed to have had notice is a question of fact, and not a question of law. The judge cannot say that, if the defect has existed for a certain time, that would of itself be deemed constructive notice.

The other assignments of error have been considered. They are either not well taken or not likely to occur again in another trial.

Judgment is reversed, and a new trial ordered.

MCALVAY, GRANT, and OSTRANDER, JJ., concurred with MOORE, C. J.  BLAIR, J., concurred in the result.