HOLLAND v. COUNTY OF ALLEGAN.

1. HIGHWAYS AND STREETS—AUTOMOBILES—LOG ACROSS ROAD—NOTICE—NEGLIGENCE.

Declaration in action against county by administratrix of the estate of a motorist who is alleged to have received fatal injuries when his car collided, at 1 a.m., with a 12-foot log or limb some 14 to 20 inches in diameter which had been blown down over two days before and laid across 16-foot traveled portion of road but was not discernible at night and no warning light had been placed there stated a cause of action against county which had jurisdiction of road since a jury could infer notice to the county and negligence on the part of officers charged with maintenance of the road in question (1 Comp. Laws 1929, §§ 3996, 4223).

2. SAME—MAINTENANCE IN SAFE CONDITION FOR PUBLIC TRAVEL—TRIMMING TREES.

It is not the legal duty of a county, having jurisdiction of a highway and the responsibility to maintain it in a safe condition for public travel, to trim trees standing along the side of the road (1 Comp. Laws 1929, §§ 3996, 4223).

3. SAME—AUTOMOBILES—LOG ACROSS ROAD—CONTRIBUTORY NEGLIGENCE.

Contributory negligence of motorist who collided with 12-foot log lying across 16-foot traveled portion of highway at 1 a.m. was question for jury where it appears bark of log was about the same color as the pavement.

4. COUNTIES—NOTICE OF CLAIM FOR ACCIDENT ON DEFECTIVE HIGHWAY—WITNESSES.

Notice of claim filed with county by administratrix of estate of deceased motorist, which listed name of only witness who could have actually seen the accident alleged to have been due to negligence of county in maintaining a road in safe condition for public travel, complied with statute requiring that names of witnesses to the accident be given in such notice (1 Comp. Laws 1929, § 3996).

Traveler on highway must be alert to discover actual condition of highway, see 2 Restatement, Torts, § 474, comment b.

Appeal from Allegan; Miles (Fred T.), J.   Submitted October 17, 1946.   (Docket No. 26, Calendar No. 43,458.)   Decided December 2, 1946.

Case by June Holland, administratrix of the estate of Robert Holland, deceased, against County of Allegan for damages arising from death of plaintiff's decedent when automobile he was driving hit a tree trunk or limb lying on the road.   Case dismissed on motion.   Plaintiff appeals.   Reversed and remanded for further proceedings.

*Gemrich, Moser, Cristy & Brown* (*Harlan P. Cristy,* of counsel), for plaintiff.

*Perle L. Fouch,* Prosecuting Attorney, and *Sweet, Paulson & Laing,* for defendant.

REID, J.   Plaintiff appeals from the order and judgment of the circuit court dismissing the case on motion without trial and without testimony as to the merits of the case.

The declaration alleges that the plaintiff's decedent on March 18, 1945, at about 1 a.m., was driving an automobile in a southerly direction upon the traveled portion of Willmont road, south of the village of Otsego in Allegan county, in the full exercise of due care and caution, and that when he came to a point approximately 1½ miles south of the southerly limits of Otsego, his automobile struck a "large log or tree limb with a diameter of from 14 to 20 inches and a length of more than 12 feet;" that the log or tree limb had been blown across the road by a storm on the evening of March 15, 1945, and lay at right angles to the direction of the highway, that the log or tree limb was covered with a dark bark of approximately the same color as the cinder surface of the highway and that because of

this similarity of color the presence of the log in the highway was not discernible at night to drivers of automobiles using the highway in the exercise of due care and caution; that as a result of the collision with the log or tree limb, plaintiff's decedent suffered injuries from which he died within a period of 1½ hours thereafter; that the county of Allegan and its representatives then and there knew, or should have known, of the presence of said log or tree limb in the traveled portion of the highway, yet wholly failed to remove the same or cause the placing of any warning signs, lights or other devices to warn persons lawfully using said highway of the dangerous, unsafe and defective condition of the highway; that the traveled portion of the highway was approximately 16 feet wide; that the road for some time prior to January, 1945, and up to and including the time of the accident had been legally established and used as a public highway, and that the county of Allegan was in charge of the highway and was under the law required to maintain the highway in a condition reasonably safe and convenient for public travel. See 1 Comp. Laws 1929, §§ 3996, 4223 (Stat. Ann. §§ 9.121, 9.591).

For the proposition that the declaration does not allege sufficient facts to sustain a finding that the county of Allegan was chargeable with notice of the danger in question in the instant case, defendant cites *Miller* v. *City of Detroit,* 156 Mich. 630 (132 Am. St. Rep. 537, 16 Ann. Cas. 832) and *Corey* v. *City of Ann Arbor,* 134 Mich. 376. In the *Corey Case,* an icy condition of the sidewalk had existed from Tuesday to Friday but it was considered that, in the absence of proof that the condition of the sidewalk was notorious, or proof of actual notice, the fact that the icy condition had existed for the time indicated would not justify an inference of

notice. However, in the instant case the limb 14 to 20 inches in diameter would certainly be noticeable to any person traveling the highway in the daytime, and was within a mile and a half of the village limits of the village of Otsego. The declaration states facts from which the jury could infer notice to the county and negligence on the part of officers charged with the maintenance of the road in question; in that regard there is a jury question.

The declaration also contains allegations to the effect that the trees along the side of the road at or near the place in question were old and at least partly rotten, and had theretofore been a known source of trouble and of danger to users of the highway. Possibly the pleader intended to charge negligence on that account, or at least to charge defendant with knowledge of facts that ought to have put the defendant on guard, and on the lookout for the particular happening in question that developed from that condition. We find that it was not the legal duty of the defendant to trim the trees. See *Miller* v. *City of Detroit, supra.* We note that in the *Miller Case* the provisions of the city charter were considered along with the statute of the State.

In the instant case the trial judge concluded that contributory negligence of the driver was apparent from the statement in the declaration, and granted defendant's motion to dismiss on that ground. As to such ruling, plaintiff cites *Brown* v. *County of Oakland,* 279 Mich. 55, wherein plaintiff, as administratrix of the estate of her husband, brought suit to recover damages by reason of fatal injuries to her husband, sustained in driving along the highway in the nighttime when his automobile collided with an ice barrier one to two feet high that crossed the 18-foot pavement along which he was driving. As to such condition we decided that the question of

contributory negligence of the decedent under all the circumstances was for the jury. In view of the decision in thàt case, we cannot say that in the instant case plaintiff's decedent was guilty of contributory negligence as a matter of law under the description of the accident recited in the declaration. A jury question exists as to contributory negligence of plaintiff's decedent.

Defendant requested that if we reverse the decision of the circuit judge, our order should provide that the defendant shall have the right to question the plaintiff respecting the witnesses to be produced and defendant says respecting the provision of·the statute, 1 Comp. Laws 1929, § 3996 (Stat. Ann. § 9.121),

"The learned circuit judge interpreted this provision of the statute to require only that the witnesses 'to the accident' be listed, but we do not so interpret it. We believe that the witnesses to be listed insofar as the accident is concerned are those who will testify to all of the essential elements of the plaintiff's case, including notice, actual or constructive."

Respecting this part of plaintiff's contention in circuit court,·the circuit judge ruled: "The notice of claim filed listed but one witness. So far as is shown, that person is the only one who could have actually seen the accident. * * * In case of an accident occurring on a highway under control of the county, by 1 Comp. Laws 1929, § 3996 (Stat. Ann. § 9.121), only witnesses 'to the accident' need be given. Apparently the notice complies with the statute," which ruling we affirm.

The judgment appealed from is reversed for the reason that the trial judge erred in deciding that decedent was guilty of contributory negligence as a matter of law under the facts set forth in the dec-

laration. The case is remanded to the trial court for such further proceedings as shall be found appropriate in view of this decision. Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.