BURGDORF *v.* HOLME-SHAW.

APPEAL AS TO CITY OF SAGINAW.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—NOTICE.

A city is liable to pay just damages to any person injured by reason of its neglect to keep its sidewalk in condition reasonably safe for travel even though the defect be created by one not connected with the city government but such liability is not then imposed unless the city had actual or constructive notice of the condition (CL 1948, §§ 242.1, 242.7).

2. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

Testimony must be viewed in the light most favorable to plaintiff on his appeal from judgment for defendant notwithstanding the verdict.

3. MUNICIPAL CORPORATIONS—SIDEWALKS—NOTICE OF DEFECT—EVIDENCE.

Although the presence of a clothesline stretched from a utility pole across sidewalk to individual defendants' house intermittently on washdays once or twice a week over a period of 18 years would not give rise to a conclusive presumption that the city had notice of it under the statute imposing liability for injuries received arising from condition unsafe for public travel, evidence of such intermittent use in addition to that of a police officer that had he seen the line he would have reported it to his superior and would have ordered its removal by the owner, presented a question for the jury as to whether city had constructive notice of such condition in sparsely settled part of city near end of sidewalk (CL 1948, §§ 242.1, 242.6, 242.7).

4. SAME—DEFECTIVE SIDEWALK—NOTICE OF CONDITION.

The requirement that city have seasonable notice of defective condition of sidewalk, where such condition was not due to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Municipal Corporations § 593.
[2] 3 Am Jur, Appeal and Error § 886.
[3–7] 38 Am Jur, Municipal Corporations § 593.

original construction, is not the equivalent of an insurer's liability (CL 1948, §§ 242.1, 242.6, 242.7).

5. SAME—DEFECTIVE SIDEWALK—CONSTRUCTIVE NOTICE—EVIDENCE.
Constructive notice of defective condition of a sidewalk, sufficient to impose liability upon city under statute, may be inferred from facts in a given case (CL 1948, §§ 242.1, 242.6, 242.7).

6. SAME—DEFECTIVE SIDEWALK—CONSTRUCTIVE NOTICE OF DEFECT OCCURRING INTERMITTENTLY.
A city may be chargeable with notice of intermittently unsafe defective condition of a sidewalk caused by the recurring acts of another even though the last of such acts occurred only shortly before injury to plaintiff, the question of constructive notice of the condition under such circumstances being for the jury (CL 1948, §§ 242.1, 242.6, 242.7).

7. SAME—BICYCLES—CLOTHESLINE ACROSS SIDEWALK—NIGHTTIME—CONSTRUCTIVE NOTICE—EVIDENCE.
Plaintiff who rode his bicycle after dark on city sidewalk and was injured by clothesline which had been stretched 5' 3" above the sidewalk *held*, entitled to judgment on verdict against city for injuries received because of such condition, under evidence showing intermittent recurrence of such condition over a period of years, where jury had been given clear and correct instructions stating the necessity for actual or constructive notice of the unsafe condition, seasonably given to the city, as a prerequisite to its liability and defining and explaining constructive notice and jury must have found city had constructive notice (CL 1948, §§ 242.1, 242.6, 242.7).

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted January 7, 1959. (Docket No. 15, Calendar No. 47,317.) Decided April 13, 1959.

Case by Cecil Burgdorf against Norman Holme-Shaw, Nettie Holme-Shaw, certain others and the City of Saginaw, a municipal corporation, for personal injuries sustained when thrown from bicycle by clothesline across sidewalk. Verdict for plaintiff allowed to stand as to defendant Nettie Holme-Shaw, and judgment *non obstante veredicto* entered as to other defendants. Plaintiff appeals as to City of

Saginaw only. Reversed and remanded for entry of judgment on verdict.

*Doozan, Scorsone & Trogan,* for plaintiff.

*W. Vincent Nash,* City Attorney, and *William A. Boos, Jr.,* Assistant City Attorney, for defendant City of Saginaw.

Dethmers, C. J. Plaintiff appeals from judgment *non obstante veredicto* for defendant city. He sued for damages resulting from injuries sustained when he rode, after dark on a bicycle, into a clothesline stretched across a public sidewalk.

Under CL 1948, § 242.1 (Stat Ann § 9.591), defendant city is liable to pay just damages to any person injured by reason of its neglect to keep its sidewalk in condition reasonably safe for travel.

In *Jablonski* v. *City of Bay City,* 248 Mich 306, it was held that "a wire strung dangerously across a walk," even though by one not connected with the city government, would be "an actionable defect in the walk" for which a city might be held liable under the above statute (p 311) "because the street then would not be in a condition reasonably safe and fit for travel."

There may be no recovery against defendant city for damages resulting from the unsafe condition of its walk caused by another, unless it had actual or constructive notice of the condition. *Moblo* v. *City of Lansing,* 243 Mich 465. In the instant case the city did not have actual notice.

CL 1948, § 242.7 (Stat Ann 1958 Rev § 9.597), provides:

"Where a notice is necessary, in order to make such * * * city liable, either actual or constructive notice shall be sufficient."

One controlling issue is presented on this appeal. Was the question whether defendant city had constructive notice of the unsafe condition of its sidewalk and a reasonable time in which to correct it before injury to plaintiff a question of fact for the jury?

Viewing the testimony, as we must, in the light most favorable to plaintiff, the pertinent facts are: for 18 years prior to plaintiff's injuries, occupants of the premises at the location in question had been stretching a clothesline from a utility pole on the street and across the public sidewalk to their house; they had been doing this on wash days, averaging twice a week in the summer time; on those occasions, the line would be up and across the walk and have clothes on it most of the day; anyone driving by on that street could easily see the clothesline with clothes on it; city police officers occasionally drove by on that street; the line was 5'3" above the sidewalk on the evening in question; many persons in the area had seen the line up in that location and knew that for a number of years it was being, and had been, stretched there on wash days. A police officer of defendant city testified that, had he seen the line there at any time, it would have been his duty to take care of it, to report it to his superior, and to order the adjacent property owner to remove it.

We agree with defendant city that it cannot be said that the presence of the line there, intermittently, constituted the existence of a defect for 30 days or longer so as to give rise to a conclusive presumption that the city had notice of it under CL 1948, § 242.6 (Stat Ann 1958 Rev § 9.596). Furthermore, this is not a case in which the unsafe condition was due to defects in the original construction of the walk, with respect to which no notice to the city

is required, under said section of the statute, before recovery can be had.

Defendant city further contends, however, that because the line was not up constantly, but only intermittently and, on the evening in question, only since morning, it must be held under the facts in this case that, as a matter of law, it did not have constructive notice and a reasonable time in which to correct the unsafe condition. This, apparently, was the view of the trial court, prompting its order for judgment *non obstante veredicto* for defendant. With this we do not agree.

Defendant points out that the street in question is unpaved, that the walk on which plaintiff was riding does not extend much further ahead, that the area is sparsely populated, that the scene of the accident is a considerable distance from the more heavily travelled, nearest intersecting street, and that the character of the neighborhood is such that it requires the minimum of surveillance. Defendant complains that it would have required constant patrolling of the street in question, more than once a day, for the police to have noticed the presence of the line on some occasion or occasions prior to the accident. Defendant says these factors, relating to the location of the defect and the character of the district, are important in determining whether there was constructive notice to the city. Conceding the force of this argument, it is not decisive of the issue whether the question of constructive notice is one of law for the court or one of fact for the jury. We think it a question of fact in this case, to the jury's determination of which the mentioned facts and circumstances are material.

Defendant urges that to hold it liable under the circumstances of this case would create a ruinous precedent and amount to making it an insurer of the safety of all persons using its sidewalks, contrary,

so it says, to our holdings in such cases as *Cornell* v. *City of Ypsilanti*, 212 Mich 540, 542; and *Rex* v. *Village of Lochmoor*, 268 Mich 159, 161. We do not think so. In cases of an unsafe condition, caused by another but not due to defects in the original construction, defendant's liability still depends, *inter alia*, on notice to it of that condition and a reasonable time thereafter in which to correct it. Without seasonable notice, actual or constructive, there is no liability in such cases. This is not the equivalent of an insurer's liability. The statute provides, however, that constructive notice shall be sufficient. Constructive notice may be inferred from facts in a given case. *Holland* v. *County of Allegan*, 316 Mich 134. While, conceivably, there may be cases where the court should hold defendant entitled to judgment as a matter of law, because proofs are lacking or insufficient to show, or from which inferences may be drawn of constructive notice, this is not such a case. That the unsafe condition had existed, although intermittently, over a period of 18 years and with such frequency that it was often seen by many persons and well known in the neighborhood, that it was readily visible to those driving by on the street, and that defendant's police officers had driven by on that street occasionally, these are facts from which a jury might properly draw inferences of notice to defendant. They, therefore, presented a jury question.

Despite the distinguishing features on the facts, stressed by defendant, nevertheless, *Chapman* v. *Mayor of the City of Macon*, 55 Ga 566; *Drake* v. *Kansas City*, 190 Mo 370 (88 SW 689, 109 Am St Rep 759); and *Sutter* v. *Kansas City*, 138 Mo App 105 (119 SW 1084), are in point in that they hold a city presumed to have notice or chargeable with notice of an intermittently unsafe condition in one of its walks caused by recurring acts of another even

though the last of such acts occurred only shortly before plaintiff's injury. We hold only that under such circumstances the question of constructive notice is one of fact for the jury.

The trial court gave the jury instructions which were clear and correct and of which defendant makes no complaint, stating the necessity for actual or constructive notice of the unsafe condition, seasonably given to the city, as a prerequisite to its liability, and defining and explaining constructive notice. From the verdict we can only conclude that, under those instructions and the testimony, the jury must have found as a fact that the defendant city had had such constructive notice.

The judgment *non obstante veredicto* having been based on the court's decision of the question of notice as a matter of law, adversely to plaintiff, it is reversed and the case remanded for entry of judgment on the verdict. Costs to plaintiff.

Carr, Kelly, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.