### CRUZ v. CITY OF SAGINAW.

1. Evidence—Opinion Testimony.

> The opinion testimony of witness, who had had 7 years of experience in constructing and repairing asphalt pavements, that hole in pavement at crosswalk on defendant city's street near a city's parking lot had existed from 3 to 6 months, where it was testified to by others as having been 3″ deep and about 36″ in circumference *held*, admissible for such persuasive worth as might be given it by the trial court as trier of the facts, as it did constitute some proof that the city should, in the exercise of ordinary care, have discovered and remedied the defect prior to the occasion of plaintiff's injury (CLS 1956, § 242.1).

2. Highways and Streets—Duration of Defect—Question of Fact.

> Generally, the question whether a street defect, otherwise actionable against the municipality, has existed a sufficient length

---

References for Points in Headnotes

[1] 20 Am Jur, Evidence § 763 et seq.
[2, 3] 25 Am Jur, Highways § 589.

of time and under such circumstances that the municipality is deemed to have had notice is a question of fact, and not a question of law (CLS 1956, § 242.1).

3. SAME—DEFECT IN STREET—PROXIMATE CAUSE—EVIDENCE.

Evidence presented in plaintiff's nonjury action against city for injuries alleged to have been received by reason of hole in pavement of city street at crosswalk near city's parking lot *held,* sufficient to support determination of trial court for plaintiff on issue of prior notice of the existence of the hole as one of fact and that plaintiff's injuries were due thereto and not to other causes as claimed by defendant (CLS 1956, § 242.1).

Appeal from Saginaw; O'Neill (James E.), J. Submitted May 7, 1963. (Calendar No. 40, Docket No. 49,623.) Decided July 17, 1963.

Case by Guillermo Cruz against the City of Saginaw for personal injuries sustained in fall caused by defective street pavement. Judgment for plaintiff. Defendant appeals. Affirmed.

*John W. Piggott* and *Lyle M. McCormick* (*Peter F. Cicinelli* and *Eugene D. Mossner,* of counsel), for plaintiff.

*W. Vincent Nash,* City Attorney (*Kerr & Stroebel,* of counsel), for defendant.

PER CURIAM. Plaintiff sued the defendant city for injuries sustained November 7, 1959, when he allegedly tripped and fell upon encountering a hole in the asphalt pavement of 1 of the city streets, opposite 1 of the city's parking lots, at a regular pedestrian crossing. The case was tried to the court. At close of plaintiff's proofs defendant moved for judgment in its favor alleging:

1. Defendant did not have notice, either actual or constructive, of the existence of the alleged defect.

2. The notice of claim, required prior to suit, did not, although timely given, describe sufficiently the alleged defect.

3. The aforesaid notice of claim gave the location of the alleged defect as "Jane" street when, in fact, no such street existed. ("Janes" street was the correct name.)

The motion was denied. Judgment ultimately entered for plaintiff. The city has appealed.

Aside from appellant's contention that the circuit court's judgment is contrary to the clear weight of the proof, the principal question raised is that the trial court erred in permitting expert witness Lile Barnes, who testified to some 7 years' experience in constructing and repairing asphalt pavements, to answer the following hypothetical question:

"Assuming, Mr. Barnes, that the testimony in this case has shown that on November 7, 1959, a hole existed in an asphalt street, which was approximately 36 inches in circumference, or as 1 of the witnesses has described it, about the size of this book, generally speaking, referring to 64 American Law Reports, 2d, which we described yesterday, and the hole has also been described by other witnesses as being about 14 inches long and approximately 3 inches in depth, 1 of the witnesses describing it as to depth as being about the size from the top of the back of one's shoe to the bottom of the heel, and assuming that this hole, as has been described by the witnesses, is approximately in the middle of the right-hand lane of this street, and that this asphalt pavement, we are talking about, had a solid brick base beneath it, and further assuming that this hole, as has been described, was of the same condition, the same size and depth 2 days after November 7, 1959, and assuming that it was the same, in the same condition 2 weeks after November 7, 1959, and further assuming that this hole was in the same condition 7 weeks after November 7, 1959, do you have an opinion, based on

your experience in the asphalt business, as to how long a defect, such as I have described to you here, may have existed in this asphalt pavement prior to November 7, 1959?

The answer of the witness, received over objection, was:

"*A*. Well, it could probably have started a long time ago, you see, because that's the way they do.

"*Q*. When you say 'a long time ago,' what do you mean by that?

"*A*. Well, maybe 6 months, maybe 3 months, something like that."

It is conceded that the witness had never examined the alleged hole or defect. It is conceded on the other hand that the facts incorporated in the hypothetical question had been testified to previously by fact witnesses. Finally, the record shows no proof that the defendant city had actual or constructive notice of the alleged hole or defect, prior to plaintiff's injury, excepting as may be inferred from the foregoing answer of witness Barnes, and excepting as may have been inferable from the size of the hole and its adjacency to the city parking lot, where city employees were shown as having been on duty at certain times.

With respect to the admissibility of witness Barnes' quoted answer, the closest precedent cited or found seems to be *Hyman* v. *Great Atlantic & Pacific Tea Co.*, 359 Mo 1097 (225 SW2d 734). There the same issue, actual or constructive knowledge by defendant of a defect in the tiled floor of its store, was tried to judgment. Plaintiff submitted the testimony of an architect, one Jones. Mr. Jones, having testified to his qualifications and to having examined the tile flooring some "11 months after the casualty" gave as his opinion that the defective condition "had existed for 2 years or more." The defendant, appeal-

ing, insisted that Jones' opinion was founded on mere assumption or surmise, and urged the admission thereof as reversible error. The court answered thus (pp 1101, 1102):

"But we think the witness Jones showed he had sufficient experience and acquaintance with the phenomena involved to testify as an expert. 20 Am Jur, Evidence, § 783, p 656. And while he conceded he needed 'leeway' in stating how long the condition of disintegration he found had existed, that did not mean his opinion was valueless. He was experienced and stated his belief after physical inspection as to the causes of it—insufficient cement in the mortar and lack of expansion strips, the first of which undoubtedly would make the condition permanent. And he estimated all of it had existed for a minimum of a year to a maximum of two years and a half. This was not a mere guess. What doctor can state with certainty how long some certain illnesses of a patient will continue and how they will eventuate? And what lawyer can do the same with respect to a lawsuit? It must be remembered also that the respondent's husband testified he made an examination of the vestibule about a week after the casualty and even then found 5 or 6 patches of tile missing at the edge of the floor. We think Jones qualified as an expert, and that his opinion was not based on speculation and conjecture."

We accept such reasoning with observation that the opinion given by Mr. Barnes, like the opinion given by the architect in the Missouri Case, was admissible only for such persuasive worth as might be given it by the trier of facts, and that it did constitute some proof that the defendant city should, in the exercise of ordinary care, have discovered and remedied the defect prior to the occasion of plaintiff's injury.*

---

* See CLS 1956, § 242.1 (Stat Ann 1958 Rev § 9.591).—REPORTER.

Generally, the question whether a street defect, otherwise actionable against the municipality, "has existed a sufficient length of time and under such circumstances that the municipality is deemed to have had notice is a question of fact, and not a question of law." *Hendershott* v. *City of Grand Rapids,* 142 Mich 140, 143; followed in *Torma* v. *Montgomery Ward & Co.,* 336 Mich 468, 487. The opinion of witness Barnes, the size and nature of the hole in the pavement, the proximity thereof to the municipal parking lot and city employees occasionally working there, call fairly for conclusion that the issue of prior notice of the existence of the hole was—under *Hendershott's* stated rule—one of fact and that the trial judge had a right to determine it as he did. Such conclusion finds support in *Goldsmith* v. *Cody,* 351 Mich 380, citing to the point *Siegel* v. *Detroit City Ice & Fuel Co.,* 324 Mich 205, and *Yarington* v. *Huck,* 218 Mich 100; also in *Hulett* v. *Great A. & P. Tea Co.,* 299 Mich 59.

The question of clear weight of the proof has been examined with care. For appellant it is urged that overwhelming proof establishes incredibility of plaintiff's testimony; that such proof establishes conclusively that plaintiff's concededly serious injury was sustained in personal altercation outside a nearby auditorium, and that plaintiff was actually "kicked" violently by an assailant. We can only say that the trial judge heard the proof and was best able to judge the presented issue of credibility, and that we are not persuaded of reversible error in such regard.

Affirmed. Costs to plaintiff.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.