BEAMON v CITY OF HIGHLAND PARK

Docket No. 77-2435. Submitted June 19, 1978, at Detroit.—Decided August 21, 1978. Leave to appeal applied for.

Plaintiff, Olivia Beamon, was injured in a fall while walking down a public sidewalk in the City of Highland Park when she tripped over an uneven section of the sidewalk. She sued defendant, City of Highland Park, and the Wayne Circuit Court, Irwin H. Burdick, J., granted a judgment notwithstanding the verdict in favor of the defendant. Plaintiff appeals. *Held:*

Under the statute governing such suits the city must have notice of the defect by 1) actual notice, 2) existence of the defect for over 30 days, in which case the presumption of notice is conclusive, or 3) evidence showing that the city should have discovered and repaired the defect in the exercise of reasonable diligence; where there is no evidence presented from which the jury might infer notice in one of these forms, a judgment notwithstanding the verdict on behalf of defendant was proper.

Affirmed.

1. HIGHWAYS—SIDEWALKS—LIABILITY FOR DEFECTS—NOTICE OF DEFECT—STATUTES.

The statute governing suits against governmental agencies for injuries caused by defective highways, including sidewalks, requires notice of the defect to the governmental agency in one of three ways: 1) actual notice; 2) existence of the defect for 30 days prior to the injury, which establishes a conclusive presumption of notice; or 3) evidence showing that the governmental agency should have discovered and repaired the defect in the exercise of reasonable diligence (MCL 691.1403; MSA 3.966[103]).

2. JUDGMENTS—JUDGMENT NOTWITHSTANDING THE VERDICT.

A trial court, in order to properly grant a judgment notwithstanding the verdict, must find that, taking the evidence most

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 411, 415.
[2] 46 Am Jur 2d, Judgments §§ 106–108.

favorably to the party against whom the judgment is sought, reasonable people could not have honestly reached a different conclusion.

*Turner & Turner, P. C.* (by *Carol Petsko*), for plaintiff.

*George W. Moore,* City Attorney, and *Norris Goudy,* Assistant City Attorney, for defendant.

Before: D. C. Riley, P. J., and M. F. Cavanagh and B. M. Hensick,* JJ.

Per Curiam. Plaintiff, Olivia Beamon, appeals from the trial court's grant of a judgment notwithstanding the verdict in favor of defendant.

The incident that precipitated this lawsuit occurred on September 26, 1972. On that date, plaintiff was walking along a public sidewalk in Highland Park when she tripped over an uneven section of the sidewalk and fell, resulting in a knee injury. She brought the complaint against the city under MCL 691.1403; MSA 3.996(103), which reads:

"No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place."

For the purposes of the statute the term "high-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

way" includes public sidewalks. MCL 691.1401; MSA 3.996(101).

The issue in dispute in the present appeal is whether the city had constructive notice of the sidewalk defect so as to subject it to liability under the statute. Plaintiff testified that she did not see the defect before she tripped, but that it was clearly visible. She also stated that she had walked down the same sidewalk prior to the date of the fall and had not noticed any defect. Plaintiff did introduce photographs of the sidewalk to illustrate its condition as of September 26, 1972.

The superintendant of public services for the city also testified. He admitted that the sidewalk in question was a public area, for which the city was responsible for maintenance. He also testified that the city had no actual notice or knowledge of the sidewalk defect until plaintiff's accident was reported. The sidewalk had last been inspected on April 13, 1972. The defect in question was repaired approximately one week after the accident.

There was no testimony presented in relation to how long the defect had been present. There were no witnesses presented from the business establishments or residences in the immediate area.

At the close of proofs defendant moved for a directed verdict, which was taken under advisement pending the jury's verdict. The jury found for plaintiff in the amount of $20,000. Immediately thereafter, the court granted the judgment notwithstanding the verdict, stating in part:

"This is the Court's opinion: there is not a shred of evidence in this case to support any contention on the part of the plaintiff that the defendant, City of Highland Park, did have or should have had any notice or any information prior to the City's part to lead them to believe that it had notice. The only evidence submitted

was that of photographs showing defective sidewalk. Let it further be stated on the record that this accident occurred in front of the Goodwill on Hamilton Avenue, that there are business places there and yet despite the fact that there are business places there and the sidewalk was in that condition, nobody has proffered an order to show that the defect of the sidewalk as it existed was there for any period of time; that the jury verdict had to be speculative."

Under the statute there are three ways to show notice: (1) actual notice, (2) existence of the defect for over 30 days, which establishes a conclusive presumption of notice, and (3) evidence showing that the city should have discovered and repaired the defect in the exercise of reasonable diligence, *i.e.,* constructive notice. It was not argued that either actual or presumptive notice was present in the case at bar.

In order to properly grant a judgment *nov,* the trial court must have found, taking the evidence most favorably to plaintiff, that reasonable people could not have honestly reached different conclusions. *Doran v Equitable Life Assurance Soc of the United States,* 58 Mich App 507; 228 NW2d 437 (1975). Although we agree with plaintiff that the issue of constructive notice would generally be a question of fact for the jury, we conclude that on the facts below the trial judge correctly rendered judgment for defendant. We concur with the trial court that there was a virtual absence of any evidence with which the jury could have reasonably inferred that the city had a reasonable opportunity to discover and repair the defect. By contrast, in other cases involving constructive notice under this statute, the trier of fact was presented with at least some evidence from which notice could be inferred. See *Peters v Dept of State*

*Highways,* 400 Mich 50; 252 NW2d 799 (1977), *Burgdorf v Holme-Shaw,* 356 Mich 45; 96 NW2d 164 (1959), *Hargis v Dearborn Heights,* 34 Mich App 594; 192 NW2d 44 (1971). In the case at bar plaintiff merely proved that the defect existed at the moment of her fall. Absent additional evidence, it was not reasonable to infer that the defect was sufficiently long-standing and/or notorious in support of the jury verdict of constructive notice. *Whitford v Twp of Washington,* 184 Mich 422; 151 NW 632 (1915).

Affirmed. Costs to appellee.