ADAS v AMES COLOR-FILE

Docket No. 85994. Submitted October 16, 1986, at Detroit. Decided May 18, 1987. Leave to appeal applied for.

Ames Color-File, a division of Ames Safety Envelope Co., sold an electromechanical filing system to Providence Hospital for its medical records. The filing system was continually breaking down, and Color-File recommended that the hospital's maintenance workers manually move the relevant shelves when it was necessary to gain access to files during periods in which the system was inoperative. Color-File also provided instructions for performing such operations. Robert P. Adas, an employee of Providence Hospital, ruptured a disc in his back while moving the filing unit as instructed by Color-File. Adas and his wife, Leona Adas, filed suit against Ames Color-File in Wayne Circuit Court alleging a products liability claim on the basis of defective design and manufacture of the filing system, gross negligence, and wilful and wanton misconduct. Leona Adas' claim was based on loss of consortium. Defendant moved for summary disposition, arguing that there was no genuine issue of material fact because there could be no proximate cause relationship between the defects or defendant's conduct and plaintiff Robert Adas' injury. The court, Marvin R. Stempien, J., denied the motion. Defendant appealed by leave granted.

The Court of Appeals *held:*

A defendant is responsible for injurious consequences of his negligent act which occur naturally and directly. Reasonable men might conclude that the installation of the defective filing system in the hospital was not too remote a cause of Robert Adas' injury, particularly when considering defendant's knowledge concerning the adequacy of the filing system and the instructions provided by defendant to the hospital. Summary

REFERENCES

Am Jur 2d, Negligence §§ 32 *et seq.*; 127, 128, 136, 139 *et seq.*
Am Jur 2d, Summary Judgment §§ 15, 17, 23, 26, 27.
See the annotations in the Index to Annotations under Products Liability; Proximate Cause; Summary Judgment.

disposition based on an absence of proximate cause was properly denied.

Affirmed.

1. Motions and Orders — Summary Disposition — Court Rules.

A motion for summary disposition is correctly granted where there is no genuine issue of material fact; the test is whether the record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ (MCR 2.116[C][10]).

2. Negligence — Summary Disposition.

Summary disposition in favor of the defendant in a negligence action is properly granted only upon a determination that reasonable minds would agree that a) the defendant acted reasonably; b) the plaintiff suffered no injury; c) the defendant's negligence did not cause the plaintiff's injury; or d) the injury was too insignificantly related to, or too remotely affected by, the defendant's act.

3. Negligence — Proximate Cause — Questions of Fact.

Proximate causation generally is a jury question and involves two separate and distinct concepts: cause in fact and legal cause.

4. Negligence — Proximate Cause.

A defendant is responsible, under the concept of proximate cause, for injurious consequences which occur naturally and directly from his negligent acts.

*Charfoos & Christenson, P.C.* (by *Lawrence S. Charfoos*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Wayne D. Gardner* and *Timothy F. Casey*), for defendant.

Before: Wahls, P.J., and R. B. Burns and M. Warshawsky,* JJ.

Per Curiam. Plaintiffs Robert P. Adas (plaintiff) and Leona Adas brought this suit in Wayne Circuit Court alleging a products liability claim on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the basis of defective design and manufacture of a filing and storage system, gross negligence, and wilful and wanton misconduct against defendant, Ames Color File, a division of Ames Safety Envelope Co. Leona Adas' claim is based on loss of consortium. Defendant moved for summary disposition based on MCR 2.116(C)(10), arguing that there was no genuine issue of material fact because there could be no proximate cause relationship between the defects or defendant's conduct and plaintiff's injury. That motion was denied. Defendant was granted leave to appeal. We affirm.

The facts of this case are not materially in dispute. Defendant sold electromechanical filing systems. One of the first systems was sold to Providence Hospital in 1977 for its medical records. Defendant knew that it was essential to the hospital to have constant access to the files. Unfortunately, the system was continually breaking down. The hospital's maintenance records indicate that the system was inoperative about fourteen times between August, 1977, and December, 1979, and almost twice per month in 1980 and 1981.

In order to gain access to the files during the periods in which the system was inoperative, defendant recommended that the hospital have maintenance workers manually move the relevant shelves. Defendant also provided instructions for such an operation, specifying that maintenance workers should pick up the shelf cover which exposed the gear motor and the chain, remove the chain, and then manually move the unit. While plaintiff was moving the unit as instructed with two other maintenance workers, he ruptured a disc in his back.

Defendant argues that the trial court erred in determining that there was a jury question as to proximate cause. Defendant concedes that the fil-

ing system was defective and plaintiff was injured. However, defendant argues that plaintiff's injuries were too insignificantly related to, or too remotely affected by, defendant's negligence. Thus, the focus of this case is on the question of proximate causation.

A motion for summary disposition is correctly granted when there is no genuine issue of material fact. MCR 2.116(C)(10). The test is whether the record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue upon which reasonable minds might differ. Courts are liberal in finding that a genuine issue exists. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973). The court must be satisfied that it would be impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Id.*

In a negligence action, summary judgment for the defendant is properly granted only upon a determination that reasonable minds would agree that a) the defendant acted reasonably; b) the plaintiff suffered no injury; c) the defendant's negligence did not cause the plaintiff's injury; or d) the injury was too insignificantly related to, or too remotely affected by, the defendant's act. *Davis v Thornton,* 384 Mich 138, 142; 180 NW2d 11 (1970). See *Prentis v Yale Mfg Co,* 421 Mich 670, 691; 365 NW2d 176 (1984).

Proximate causation is generally a jury question. *Fiser v Ann Arbor,* 417 Mich 461, 475; 339 NW2d 413 (1983); *Davis, supra,* p 145; *Comstock v General Motors Corp,* 358 Mich 163, 180; 99 NW2d 627 (1959). See also Prosser & Keeton, Torts (5th ed), § 42, pp 274-275.

It is important to keep in mind when determining whether proximate causation exists that such causation is a legal relationship involving two

separate and distinct concepts: cause in fact and legal cause. 1 American Law of Products Liability (3d ed), § 4:2. See SJI2d 15.01 Comment; *Davis, supra,* pp 145-146.

> Cause in fact, or "but for" causation, means that if the harmful result would not have come about but for the negligent conduct, then there is a direct causal connection between the negligence and the injury. . . . By contrast, legal or proximate causation involves a determination that the nexus between the wrongful acts (or omissions) and the injury sustained is of such a nature that it is socially and economically desirable to hold the wrongdoer liable. In this sense, proximate causation, and hence liability, hinges on principles of responsibility, not physics. Thus, proximate causation is a determination that must be made in addition to a determination of cause in fact or "but for" causation.
>
> * * *
>
> While proximate cause is not necessarily the cause nearest the injury, the word proximate indicates a requirement of unbroken causation between an act and injury produced by that act. A cause within this unbroken chain of causation is said to be proximate, and therefore actionable, while a cause not within the chain is said to be remote and thus not actionable. [1 American Law of Products Liability (3d ed), § 4:2.]

There are countless variations on the definition of proximate causation; however, the prominent theory which has been adopted in Michigan states that a defendant is "responsible for injurious consequences of his negligent act . . . which occur naturally and directly . . . ." *Davis, supra,* p 147, quoting 38 Am Jur, Negligence, § 58, pp 709-710. See *McMillian v Vliet,* 422 Mich 570, 576-577; 374 NW2d 679 (1985).

Defendant in this case installed a filing system

with the knowledge that the hospital would need ready access to its medical records. When defendant's system broke down, defendant recommended that the hospital manually move the relevant shelves. Defendant informed the hospital as to how the shelves should be moved and stated that because the shelves were heavy, two or three people were needed to move them. Thus, any physical injuries sustained by hospital personnel while attempting to move the shelves while following defendant's instructions may have resulted from the following of those instructions. Consequently, proximate cause could be found.

Defendant also asserts that the present case is controlled by *Paparelli v General Motors Corp,* 23 Mich App 575; 179 NW2d 263 (1970), lv den 383 Mich 826 (1970). In that case, the plaintiff had purchased a new automobile and was driving the vehicle when the power steering unit malfunctioned. He engaged the services of a mechanic and assisted in installing the repaired unit. While lowering the unit into the car, he wrenched his neck and was injured and subsequently sued the car's manufacturer and the car dealership which had sold the car. The trial court granted a defense motion for summary judgment on the basis that the defective power steering unit was not the proximate cause of the plaintiff's injuries, and this Court affirmed, holding that the proximate cause of the plaintiff's injury was attributable neither to defendants' negligence nor their breach of any warranty.

In *Paparelli,* defendants had sold innumerable cars to consumers. They had no knowledge of a defect which would have caused the product to be ineffective or impractical for its intended use. Clearly, they did not advise the plaintiff to help a trained mechanic repair the car. To the contrary,

defendant in this case specifically recommended this particular product to the hospital, based on its specific needs. Defendant knew very well, however, that the product was incapable of performing all of those needs. Most importantly, when the hospital discovered the product's defect and contacted defendant, the latter provided specific instructions to the hospital concerning how to temporarily rectify the problem. Following defendant's instructions as provided to the hospital, plaintiff, one of the hospital's employees, was injured.

Proximate cause draws the line of liability at the probable and natural results of a defendant's negligent act. Under the facts in this case, reasonable men might conclude that the installation of the defective filing system in the hospital was not too remote a cause of plaintiff's injuries, particularly when considering defendant's knowledge concerning the adequacy of the filing system and the instructions provided by defendant to the hospital.

Summary disposition for defendant based on an absence of proximate cause was properly denied.

Affirmed.