VanSTRIEN v CITY OF GRAND RAPIDS

Docket No. 145930. Submitted April 1, 1993, at Grand Rapids. Decided June 7, 1993, at 9:45 A.M. Leave to appeal sought.

Lorraine and Frederick VanStrien brought a negligence action in the Kent Circuit Court against the City of Grand Rapids, alleging that Lorraine sustained injury while walking on a city sidewalk when she stepped on a manhole cover that flipped, causing her right leg to go inside the hole. The court, Dennis B. Leiber, J., on evidence indicating that the manhole had been abandoned by the defendant for thirty years, granted summary disposition for the defendant, ruling that there existed no genuine issue with respect to the fact that the defendant did not have actual or constructive notice of the defective condition of the manhole and thus cannot be held liable pursuant to the highway exception to governmental immunity, MCL 691.1403; MSA 3.996(103) and MCL 691.1401(e); MSA 3.996(101)(e). The plaintiffs appealed.

The Court of Appeals *held:*

The trial court properly granted summary disposition for the defendant. The plaintiffs failed to show that the defendant knew, or in the exercise of reasonable diligence should have known, of the alleged defective condition and had a reasonable time to repair it before the injury occurred.

Affirmed.

D. E. SHELTON, J., dissenting, stated that the case should be remanded for a trial because defendant's awareness of risks to pedestrians posed by abandoned manholes was sufficient to create a question for the jury with respect to whether the defendant had constructive knowledge of the defect alleged in this case.

*Linsey, Strain & Worsfold, P.C.* (by *William D. Howard*), for the plaintiffs.

*Philip A. Balkema,* City Attorney, and *James L. Moore,* Assistant City Attorney, for the defendant.

Before: Michael J. Kelly, P.J., and Weaver and D. E. Shelton,* JJ.

Michael J. Kelly, P.J. On January 11, 1990, plaintiff Lorraine VanStrien stepped on a manhole while walking on a public sidewalk located in the City of Grand Rapids. As she put her foot on the cover of the manhole, the cover tipped back and slipped out from underneath her. Plaintiff's right leg went inside the hole and she sustained serious injuries. This particular manhole had been abandoned by the City of Grand Rapids for over thirty years. Subsequently, plaintiffs initiated the present action, alleging, among other things, negligence on the part of defendant, the City of Grand Rapids.

Thereafter, defendant, claiming that it did not have either actual or constructive notice of the alleged defective condition of the manhole, moved for summary disposition. The trial court, in granting defendant's motion under MCR 2.116(C)(10), stated as follows:

> I'm convinced here that given the representations factually as presented by the parties, there is no genuine issue of a material fact which would justify deviation from liability under the theory that the City had actual or constructive notice or that the defect had existed for over 30 days.

> It's not in dispute there was no actual notice. No one knows what it was that caused this cover to give way under the Plaintiff and, again, assuming that it is abandoned, all the Court knows and the only conclusion to be drawn is that on this regrettable and tragic day Plaintiff, minding her own business, stepped on an abandoned manhole cover which was defective at that time.

> I cannot presume from anything presented that defect existed over 30 days, nor can I presume from the City's policy, which they implemented

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and followed, that they [sic] said to have construc-
tive notice.

Plaintiffs appeal as of right, claiming that the
trial court erred in holding that defendant did not
have actual or constructive notice of a defect
pursuant to the terms of MCL 691.1403; MSA
3.996(103). We disagree.

MCL 691.1403; MSA 3.996(103) provides:

> No governmental agency is liable for injuries or
> damages caused by defective highways unless the
> governmental agency knew, or in the exercise of
> reasonable diligence should have known, of the
> existence of the defect and had a reasonable time
> to repair the defect before the injury took place.
> Knowledge of the defect in time to repair the same
> shall be conclusively presumed when the defect
> existed so as to be readily apparent to an ordinary
> observant person for a period of 30 days or longer
> before the injury took place.

For purposes of the statute, the term "high-
ways" includes public sidewalks. MCL 691.1401(e);
MSA 3.996(101)(e). In order to hold the city liable
under MCL 691.1403; MSA 3.996(103), plaintiffs
were required to show that defendant knew, or in
the exercise of reasonable diligence should have
known, of the alleged defective condition of the
manhole cover and had a reasonable time to repair
it before the injury occurred. *Peters v Hwy Dep't,*
400 Mich 50, 57; 252 NW2d 799 (1977). Having
reviewed the record in this matter, we conclude
that the trial court properly granted summary
disposition in favor of defendant. The record is
devoid of evidence that defendant knew or should
have known of the alleged defect in the abandoned
manhole. Under the facts of this case, we believe
that summary disposition was properly granted in

favor of defendant. See *Beamon v Highland Park,* 85 Mich App 242; 271 NW2d 187 (1978).

Affirmed.

Weaver, J., concurred.

D. E. Shelton, J. *(dissenting).* I respectfully dissent. A motion for summary disposition pursuant to MCR 2.116(C)(10) may be granted only where there is no genuine issue regarding any material fact. The test is whether the record that might be developed, giving the benefit of any doubt to the opposing party, would leave open an issue upon which reasonable minds could differ. Courts must be liberal in finding that a genuine issue of material fact exists and cannot grant the motion unless satisfied that it would be impossible for the claim to be supported at trial because of a deficiency that cannot be overcome. *Adas v Ames Color-File,* 160 Mich App 297; 407 NW2d 640 (1987). When reviewing such a motion, a court must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence available and cannot grant the motion unless it concludes that it is impossible for the claim to be supported by evidence at trial. *Nichols v Clare Community Hosp,* 190 Mich App 679; 476 NW2d 493 (1991); *Peterfish v Frantz,* 168 Mich App 43; 424 NW2d 25 (1988).

The available evidence in this case clearly posed an issue of material fact regarding defendant's constructive notice of the danger posed by the manhole. The facts, when taken most favorably to plaintiffs, show that defendant knew of the dangers posed to pedestrians by abandoned manholes because there was no routine maintenance performed on such manholes. Defendant was especially aware of the risk that a pedestrian might

fall through a manhole as a result of precisely the
"tipping" action alleged to have caused severe
injury here. Defendant also knew that this particu-
lar manhole had been abandoned for over thirty
years and that it had not been filled and welded
shut as is the normal procedure. I believe that this
evidence is sufficient to pose a question of fact for
the jury.

Plaintiffs did not allege that defendant had ac-
tual notice of the fact that this manhole had
accumulated enough debris to tip and cause injury.
Nor are plaintiffs required to do so. MCL 691.1403;
MSA 3.996(103) provides for liability where the
municipality "should have known of the existence
of the defect and had a reasonable time to repair
the defect before the injury took place." Plaintiffs
alleged, and the evidence at trial may well estab-
lish, such constructive notice. There is no require-
ment of knowledge of the exact defect that causes
the injury.

*Peters v Hwy Dep't,* 400 Mich 50; 252 NW2d 799
(1977), relied upon by the majority, is in fact the
leading authority for the proposition that the gov-
ernment has sufficient constructive knowledge of a
defect if there was knowledge of the type of danger
posed by the condition that was actually known to
exist at the site where the injury occurred.
Whether thirty years is a reasonable time to re-
pair the manhole is, at the very least, an issue for
the jury. In fact, case law is clear that issues of
constructive notice of highway and sidewalk de-
fects are questions of fact. *Peters, supra; Cruz v
Saginaw,* 370 Mich 476; 122 NW2d 670 (1963);
*Hendershott v Grand Rapids,* 142 Mich 140; 105
NW 140 (1905); *Beamon v Highland Park,* 85 Mich
App 242; 271 NW2d 187 (1978).

I believe that the trial court improperly as-

sumed the role of factfinder with respect to this motion for summary disposition and that the majority does likewise in its review of the record. The majority's statement that "the record is devoid of evidence that defendant . . . should have known of the alleged defect in the abandoned manhole" ignores the evidence that defendant was aware of the risks posed by abandoned manholes and that this manhole was abandoned and thus posed just such a risk.

I would reverse the order granting defendant's motion for summary disposition and remand for a trial.