# STATE OF MICHIGAN

# COURT OF APPEALS

SUE BERNARDONI,

       Plaintiff-Appellant,

v

CITY OF SAGINAW,

       Defendant-Appellee.

UNPUBLISHED
June 23, 2015

No. 320601
Saginaw Circuit Court
LC No. 13-019152-NO

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant on the basis of governmental immunity. Plaintiff alleges that on September 10, 2011, she tripped and fell, fracturing her wrist, on an uneven slab of sidewalk within defendant's jurisdiction. Plaintiff served a timely notice of intent[1] on defendant and subsequently commenced the instant tort action. Defendant moved for summary disposition, arguing that plaintiff had failed to describe the location and nature of the defect in the sidewalk with the statutorily requisite specificity, and in the alternative defendant lacked actual or sufficient constructive notice of the defect. The trial court agreed with the latter contention and granted summary disposition on that basis. We reverse and remand.

"We review de novo a trial court's decision regarding a motion for summary disposition." *Jesperson v Auto Club Ins Ass'n*, 306 Mich App 632, 639; 858 NW2d 105 (2014). Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10), and the trial court did not specify under which grounds it granted the motion. Because the trial court reviewed material outside of the pleadings to reach its decision, it could not have granted summary disposition under MCR 2.116(C)(8). *Spiek v Mich Dep't of Transp*, 456 Mich 331, 338; 572 NW2d 201 (1998). Under either MCR 2.116(C)(7) or MCR 2.116(C)(10), the trial court considers all documentary evidence submitted. *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999). In reviewing a motion for summary disposition under either

---

[1] Service of the notice occurred 121 days after the injury, but because the 120th day was a Sunday, "Defendant conceded that an issue of fact existed relating to the timeliness of Plaintiff's notice," and timeliness of the notice is not at issue before this Court.

standard, all evidence, pleadings, and legitimate inferences therefrom should be construed "in the light most favorable to the nonmoving party." *Coblentz v City of Novi*, 475 Mich 558, 567-568; 719 NW2d 73 (2006); *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 133-134; 545 NW2d 642 (1996).

At issue is the "highway exception" to governmental immunity, under which governmental entities are liable for the reasonably safe repair of, *inter alia*, sidewalks within their jurisdiction. MCL 691.1402(1); MCL 691.1401(e). However, at the time of the injury, that liability only existed if the "plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the [governmental entity] knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in the sidewalk." MCL 691.1402a(2). Such notice will be "conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place." MCL 691.1403; see also *Beamon v City of Highland Park*, 85 Mich App 242, 245; 271 NW2d 187 (1978). "Generally, the question of whether a street defect, otherwise actionable against the municipality, 'has existed a sufficient length of time and under such circumstances that the municipality is deemed to have had notice is a question of fact, and not a question of law.'" *Cruz v City of Saginaw*, 370 Mich 476, 481; 122 NW2d 670 (1963), quoting *Hendershott v City of Grand Rapids*, 142 Mich 140, 143; 105 NW 140 (1905).

In her complaint, plaintiff alleged that defendant "had ample time to discover the hazardous condition of the sidewalk as the raised portion had existed in the condition for in excess of 30 days prior to Plaintiff's fall." At her deposition, plaintiff testified that she did not know how long the defective condition of the sidewalk had existed, nor could she recall the first time she had noticed the condition. The trial court concluded that plaintiff therefore "hasn't presented any evidence along those lines," referring to how long the defect had existed. We disagree.

Under MCR 2.116(C)(7), the trial court was obligated to take the allegation in plaintiff's complaint as true unless contradicted by documentary evidence submitted by defendant. *Maiden*, 461 Mich at 119. Defendant has presented no such evidence, and the fact that plaintiff could not recall when she first noticed the defect is not contrary to it having existed for at least 30 days. Under MCR 2.116(C)(10), the evidence consisting of photographs of the defect shows significant "offsets" between adjacent sidewalk slabs, at least one worn corner and accumulation of debris. When viewed in the light most favorable to plaintiff, and in consideration of the high unlikeliness that sidewalks slabs could shift, wear, and accumulate debris with great rapidity, reasonable minds could differ as to whether the condition would have been present and readily apparent for at least 30 days before the injury. Defendant has simply not presented contradictory evidence. Under either court rule, what evidence there is strongly implies or outright states that the defect had existed for the requisite period, and it has not been meaningfully contradicted. Consequently, summary disposition on that basis was improper.

In the alternative, defendant argues that plaintiff failed to give the "exact location" of the defect in her notice of intent to file suit, as required by MCL 691.1404(1):

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury

occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

Defendant thus argues that this Court should, even if it finds sufficient notice, affirm the trial court on alternative grounds. We disagree.

Defendant properly conceded in the trial court that plaintiff was not required to conform her notice to any particular form. We also agree with defendant that the *written* portion of plaintiff's notice describes an entire city block, which by itself would likely be deemed insufficiently "exact" under typical circumstances. However, plaintiff specified which side of the street and, critically, included photographs with her notice that show landscaping and houses in the background which would make the exact location immediately apparent to anyone on site. The statute requires the notice to "specify the exact location" but does *not* require that specification to be written or, as defendant conceded, in any particular form at all. We conclude that plaintiff sufficiently identified the exact location of the defect because she included photographs showing the exact location (as well as the nature of the defect) with her notice of intent to file suit. See, e.g., *McLean v City of Dearborn*, 302 Mich App 68, 76; 836 NW2d 916 (2013) (deficiencies in the written description were remedied by the inclusion of photographs that included "landmarks").

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto