*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

TAREK HAMADE,

       Plaintiff-Appellant,

v

NEW LAWN SOD FARM INC., DEBUCK'S
CORN MAZE AND PUMPKIN PATCH, NORMAN
DEBUCK, and LINDA DEBUCK,

       Defendants-Appellees.

UNPUBLISHED
June 16, 2022

No. 357445
Wayne Circuit Court
LC No. 18-015562-NO

---

Before: O'BRIEN, P.J., and SWARTZLE and PATEL, JJ.

O'BRIEN, P.J. (*concurring in part and dissenting in part*).

I agree with the majority that the trial court properly held that defendants were not actively negligent, and that plaintiff was not entitled to summary disposition. I disagree, however, that the trial court erred when it concluded that defendants did not have constructive notice of the dangerous condition. I therefore respectfully dissent from that portion of the majority opinion.

In order to prevail in a premises liability action, the plaintiff must "establish that defendant, as a premises owner, possessed actual or constructive notice of the dangerous condition." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10; 890 NW2d 344 (2016).

The majority concludes, and I agree, that defendants did not have actual notice of the dangerous condition. As the majority notes, the at-issue tire had been in place for years without any complaints before plaintiff's injury.

The majority goes on to conclude that due to the character of the at-issue tire, defendants had constructive notice of the dangerous condition. More precisely, the majority holds that defendants had constructive notice that the tire that caused plaintiff's injury was defective because Scott Debuck, the manager of the corn maze, was aware the tire was "spongy" when he installed it in the obstacle course three years before plaintiff fell. I disagree that this gave defendants constructive notice of the dangerous condition.

-1-

It is well-established that a plaintiff can establish constructive notice if he or she can show that the defendant "should have known of [the condition] because of its character or the duration of its presence." *Id*. at 11. See also *Banks v Exxon Mobil Corp*, 477 Mich 983, 983-984; 725 NW2d 455 (2007). This is a common-sense principle. It supposes that a defendant should have known about a condition because it had existed for such a time or was of such a character that the defendant should have discovered it, like grapes that had been on the floor of a checkout lane for an hour, see *Clark v Kmart Corp*, 465 Mich 416, 421; 634 NW2d 347 (2001), a hole in a rug just inside a doorway that numerous people traversed through, see *Yarington v Huck*, 218 Mich 100, 103-104; 187 NW 298 (1922), or a hole in pavement that had existed for months, see *Cruz v City of Saginaw*, 370 Mich 476, 481; 122 NW2d 670 (1963); *Siegel v Detroit City Ice & Fuel Co*, 324 Mich 205, 211-212; 36 NW2d 719 (1949).

In this case, I fail to see how defendants' knowledge that the tire was "spongy" when it was installed amounts to constructive notice of the dangerous condition. Defendants' knowledge that the tire was "spongy" would not, in my opinion, have alerted defendants to the dangerous condition that caused plaintiff's injury such that defendants should have discovered it. Indeed, I do not read plaintiff's brief on appeal as even making such an argument. Accordingly, I would not conclude that defendants' knowledge that the tire was "spongy" gave defendants constructive notice of the dangerous condition.

Instead, like the trial court, I would conclude that plaintiff failed to put forth evidence from which a reasonable jury could find that defendants had constructive notice of the dangerous condition. On appeal, plaintiff argues only that defendants had constructive notice of the dangerous condition because they would have discovered it if they had physically inspected the course. Yet, as the majority points out, "[o]nly when the plaintiff has successfully established a question of fact regarding constructive notice might evidence of inspection efforts be needed for the defendant to negate an essential element of the nonmoving party's claim." *Albitus v Greektown Casino, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 356188); slip op at 4 (cleaned up). I would therefore affirm the trial court.


/s/ Colleen A. O'Brien