WOODWORTH v GATES LEARJET CORPORATION

Docket No. 88202. Submitted January 6, 1988, at Detroit. Decided
December 6, 1988.

Kent Woodworth sustained fatal injuries while flying an aircraft
as copilot when a loon penetrated the aircraft's windshield on
takeoff. Joyce Woodworth, as personal representative of the
estate of Kent Woodworth, brought an action in Wayne Circuit
Court against Gates Learjet Corporation, the manufacturer of
the aircraft, Freedom International Inc., the owner of the
aircraft and lessor under a lease agreement with the decedent's
employer, Jet Care Center, which performed maintenance on
the aircraft, and others. Plaintiff alleged that Freedom Interna-
tional and Jet Care were liable under the aircraft owners'
liability statute, that they negligently failed to install a bird-
resistant windshield on the aircraft and that Freedom Interna-
tional was additionally liable for the breach of an implied
warranty of fitness of the aircraft. Following the close of
plaintiff's proofs, the trial court, Roland L. Olzark, J., directed
a verdict in favor of Freedom International and Jet Care.
Plaintiff appealed.

The Court of Appeals *held:*

1. Liability under the aircraft owners' liability statute, MCL
259.180a; MSA 10.280(1), attaches for the negligent operation of
aircraft, i.e., the negligent use of aircraft for the purpose of air
navigation, including the navigation or piloting of aircraft.
Liability under the statute does not arise for an aircraft own-
er's failure to install aircraft components not required by
federal regulations. In this case, the aircraft in question was
certified by the Federal Aviation Administration as airworthy
under regulations for light aircraft which did not require that
the windshield be bird resistant and, although a bird-resistant
windshield was available from Gates Learjet as part of a
conversion kit, conversion was not mandated by federal regula-
tions. Even if the aircraft owners' liability statute applied in

REFERENCES

Am Jur 2d, Aviation §§ 87 *et seq.,* 92, 93, 155.

Tort liability of one renting or loaning airplain to another. 4
ALR2d 1306.

this case, plaintiff has not demonstrated any negligence which would trigger liability under the statute.

2. The trial court did not err in directing a verdict on plaintiff's negligence claim against Jet Care and Freedom International for their failure to install a bird-resistant windshield, since no evidence was presented that Jet Care and Freedom International were aware of any dangers or incidents associated with the windshield's vulnerability to birds.

3. In granting a directed verdict against plaintiff on her breach of implied warranty claim against Freedom International, the trial court erred in ruling that plaintiff could not maintain the claim for lack of privity. Generally, in the absence of an agreement to the contrary, the lessor of a chattel to be used by the lessee or an employee of the lessee for a particular purpose known to the lessor impliedly warrants to the lessee or its employee the reasonable suitability of the chattel for the known intended use by the lessee or its employee.

Affirmed in part and reversed in part.

1. AVIATION — NEGLIGENCE — AIRCRAFT OWNERS' LIABILITY.

Liability under the aircraft owners' liability statute attaches for the negligent operation of aircraft, i.e., the negligent use of aircraft for the purpose of air navigation, including the navigation or piloting of aircraft; liability under the statute does not arise for an aircraft owner's failure to install aircraft components not required by federal regulations (MCL 259.180a; MSA 10.280[1]).

2. LEASES — CHATTELS — IMPLIED WARRANTIES.

In the absence of an agreement to the contrary, the lessor of a chattel to be used by the lessee or an employee of the lessee for a particular purpose known to the lessor impliedly warrants to the lessee or its employee the reasonable suitability of the chattel for the known intended use by the lessee or its employee.

*Schaden, Heldman & Lampert* (by *Victoria C. Heldman*), for plaintiff.

*Zamplas, Paskin, Nagi, Baxter, Johnson & Walker, P.C.* (by *David R. Baxter* and *Christine Kaczanowski*), for Freedom International, Inc., and Jet Care Center.

Before: MacKenzie, P.J., and Kelly and L. P. Borrello,* JJ.

Per Curiam. Plaintiff appeals as of right from an order granting a directed verdict in favor of defendants Freedom International and Jet Care Center. We affirm in part and reverse in part.

This case arose out of an April 7, 1981, airplane accident in which a Model 23 Learjet collided with a bird. Plaintiff's decedent, the copilot, was killed when the bird, a common loon weighing between 3½ and 11 pounds, came through the windshield of the airplane on takeoff. The airplane was owned by Freedom International, which leased it to Executive Aviation, Inc., the employer of plaintiff's decedent. The plane was maintained by Jet Care Center. It was manufactured by Gates Learjet Corporation in 1965 and purchased by Freedom International in 1980.

Plaintiff alleged that Freedom International and Jet Care negligently failed to install a bird-resistant windshield on the airplane, and that Freedom International breached its implied warranty of fitness. The Model 23 aircraft was certified as airworthy by the Federal Aviation Administration in 1964 under regulations for light aircraft which did not require the windshield to be bird-resistant. In 1966, the FAA approved Learjet's Model 24 under regulations governing transport aircraft which did require bird-resistant windshields. The same year, Learjet made available for $50,000 a kit to convert Model 23 aircraft to Model 24 aircraft. This was a "fairly complicated conversion" involving systems and structural modifications and required factory installation. Included in the kit was a Model 24 bird-resistant windshield. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Model 23 in this case was never converted to a Model 24.

Stanley Wionczek, a mechanic and director of maintenance for Jet Care, testified that after Freedom International purchased the Model 23, Jet Care followed a factory approved inspection and maintenance program. There was no evidence that the windshield on the plane was defective in manufacture or that its failure was caused by improper maintenance. Instead, all evidence indicated that the windshield, as designed, simply could not withstand the impact of the bird.

Following plaintiff's proofs, Freedom International and Jet Care moved for a directed verdict, arguing that there was no evidence that they "did anything wrong." Plaintiff responded that the Michigan aircraft owners' liability statute, MCL 259.180a; MSA 10.280(1), imposed liability on these defendants for negligent maintenance. That statute provides that the "owner or operator or the person or organization responsible for the maintenance or use of an aircraft shall be liable for any injury occasioned by the negligent operation of the aircraft." The trial court ruled that the statute had no application to the facts of this case, and even were it to apply, plaintiff had not demonstrated negligence. We agree.

The purpose of MCL 259.180a; MSA 10.280(1), like that of the motor vehicle owners' liability statute, MCL 257.401; MSA 9.2101, is to impose liability on owners when they entrust their vehicles to negligent operators. See *Sexton v Ryder Truck Rental, Inc,* 413 Mich 406, 438; 320 NW2d 843 (1982) (opinion of WILLIAMS, J.). The express language of MCL 259.180a; MSA 10.280(1) refers to liability for injuries occasioned by negligent operation of an aircraft. MCL 259.22; MSA 10.122 defines operation of aircraft as "use of aircraft for

the purpose of air navigation, including the navigation or piloting of aircraft." All of this suggests that the Legislature in enacting MCL 259.180a; MSA 10.280(1) intended to impose liability on owners of aircraft who entrust their planes to negligent pilots, rather than owners who fail to install aircraft components not required under federal regulations. We agree with the trial court that the aircraft owners' liability statute does not apply on these facts. Cf. *Storie v Southfield Leasing, Inc,* 90 Mich App 612; 282 NW2d 417 (1979), aff'd on other grounds sub nom *Sexton v Ryder Truck Rental, supra.* In any event, as the trial court indicated, even if the statute did apply to this case, plaintiff failed to prove negligent maintenance of the aircraft which would trigger statutory liability. As noted, evidence showed that the windshield was free of physical defects and had been subjected to all regular inspections. Plaintiff's claim was that the non-bird-resistant windshield was inherently flawed, not that it was improperly cared for.

Neither are we persuaded that the trial court erred in granting a directed verdict in favor of Freedom International and Jet Care on plaintiff's claim that these defendants were negligent in failing to install a bird-resistant windshield.

Plaintiff claims that Jet Care had a duty to inform Freedom International regarding the dangers of the Model 23 windshield and of the bird-resistant alternative. However, there was no evidence that Jet Care was aware of any dangers or incidents associated with the Model 23 windshield. Moreover, although not argued by Jet Care on appeal, we note that no evidence was presented that, even if Jet Care had warned Freedom International, Freedom International would have changed the Model 23 windshield. In other words,

there was no evidence to support the element of proximate cause regarding Jet Care's failure to inform and warn Freedom International. See *Warner v General Motors Corp,* 137 Mich App 340, 348; 357 NW2d 689 (1984), lv den 422 Mich 852 (1985); *Falkner v John E Fetzer, Inc,* 113 Mich App 500, 503; 317 NW2d 337 (1982), lv den 417 Mich 851 (1982).

Furthermore, no evidence was introduced that Freedom International was aware of any dangers or incidents regarding the Model 23 windshield. See, e.g., *Ransford v The Detroit Edison Co,* 124 Mich App 537, 543; 335 NW2d 211 (1983). Gates Learjet disseminated no warnings that the Model 23 windshield was defective or dangerous. The windshield was designed in conformance with governmental specifications and the plane was certified by the FAA. Conversion to Model 24 was not mandatory, nor even intended to "cure." a windshield problem; the windshield was merely one change among several other complex changes. On this record, we do not believe that the trial court erred in granting a directed verdict in favor of Freedom International and Jet Care as to plaintiff's negligence claim.

Plaintiff next contends that the trial court erred in granting a directed verdict in favor of Freedom International on plaintiff's claim of breach of an implied warranty of fitness. Plaintiff's breach of an implied warranty claim against Freedom International was based upon Freedom International's status as lessor of the Model 23 aircraft. The trial court ruled that, even assuming that an implied warranty existed and was breached, plaintiff, as an employee of the lessee, could not recover from the lessor for breach of an implied warranty. We disagree with this reasoning.

In *Jones v Keetch,* 388 Mich 164, 168; 200 NW2d

227 (1972), the Court adopted the rule that, in the absence of an agreement to the contrary, the lessor of a chattel to be used by a lessee for a particular purpose known to the lessor impliedly warrants the reasonable suitability of the chattel for the lessee's known intended use of it, quoting 68 ALR2d 850, 854. In *Robards v Estate of Kantzler,* 98 Mich App 414; 296 NW2d 265 (1980), this Court cited *Jones, supra,* and noted that the lessor of a machine warrants its fitness to a plaintiff employee of the company to which it is leased. A fair reading of these cases makes it apparent that although plaintiff's decedent was an employee of the corporation which leased the airplane, plaintiff could make a claim against Freedom International, as lessor, for breach of an implied warranty of fitness. See also Prosser & Kilborn, Torts (5th ed), § 104, p 7158; *Cintrone v Hertz Truck Leasing & Rental Service,* 45 NJ 434; 212 A2d 769 (1965) (warranty extends to employees of company which leased truck from defendant lessor); *Price v Shell Oil Co,* 2 Cal 3d 245; 85 Cal Rptr 178; 466 P2d 722 (1970) (warranty, expressed as strict liability, extends to employee of company which leased truck from defendant lessor); *Stang v Hertz Corp,* 83 NM 730; 497 P2d 732 (1972) (warranty, expressed as strict liability, extends to passenger of car leased by driver from defendant lessor). Accord: Model Uniform Product Liability Act, § 102(A), 44 Fed Reg 62,717 (1979). Accordingly, the trial court erred in holding that, assuming plaintiff proved the existence of an implied warranty and its breach, lack of privity barred plaintiff from recovering for breach of implied warranty. We therefore reverse the grant of directed verdict in favor of Freedom International on plaintiff's implied warranty claim.

Affirmed in part and reversed in part.