NICHOLS v CLARE COMMUNITY HOSPITAL

Docket No. 124637. Submitted February 5, 1991, at Grand Rapids. Decided August 19, 1991, at 9:30 A.M.

David L. Nichols and Barbara Nichols brought a malpractice action in the Clare Circuit Court against Clare Community Hospital and Elmer C. Shurlow, D.O., alleging that Shurlow negligently prescribed an ointment for ophthalmic application, resulting in the loss of vision in David Nichol's right eye. The defendants brought a third-party action against Burroughs Wellcome Company, the manufacturer of the ointment, alleging that Burroughs failed to warn adequately of the risks associated with use of the ointment when an herpetic infection is present. The court, Kurt N. Hansen, J., granted summary disposition for Burroughs, ruling that there was no genuine issue of material fact and that Burroughs was entitled to judgment as a matter of law. The defendants appealed.

The Court of Appeals held:

1. There was no genuine issue of material fact regarding whether the warnings were adequate. The insert that came with the ointment stated that use of the ointment in the treatment of herpes simplex requires great caution, and Shurlow admitted that he knew of the warnings. Shurlow further admitted that had he known of the presence of an herpetic infection, he would not have prescribed the ointment and instead would have referred Nichols to an ophthalmologist.

2. Because additional warnings would not have altered Shurlow's conduct, there was no genuine issue of material fact concerning proximate causation.

3. Errors claimed by the defendants with respect to the trial court's findings regarding Shurlow's alleged negligence are not determinative. Such errors, if any, are immaterial to the trial court's ruling regarding the adequacy of the warnings.

Affirmed.

REFERENCES

Am Jur 2d, Products Liability §§ 266, 328, 331, 377, 661.

Liability of manufacturer or seller for injury or death allegedly caused by failure to warn regarding danger in use of vaccine or prescription drug. 94 ALR3d 748.

1. Products Liability — Prescription Drugs — Manufacturers' Warnings.

   A manufacturer of a prescription drug has a duty to warn the medical profession of any risks it knows or should know are inherent in the use of its drug; however, where the presence of a certain medical condition renders use of the drug dangerous, the manufacturer is not required to issue a warning that apprises of how to properly diagnose the condition that makes use of the drug dangerous.

2. Products Liability — Prescription Drugs — Manufacturers' Warnings — Proximate Cause.

   A plaintiff who seeks recovery from a manufacturer of a prescription drug on the basis of inadequate product warnings must show that an adequate warning would have prevented the plaintiff's injury by altering the prescribing doctor's conduct or that the doctor might have heeded the warning.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *Dennis K. Taylor*), for Clare Community Hospital and Elmer C. Shurlow, D.O.

*Nystrom, Nystrom & Hitchcock* (by *Stephen J. Hitchcock*), for Burroughs Wellcome Company.

Before: MICHAEL J. KELLY, P.J., and DOCTOROFF and NEFF, JJ.

NEFF, J. Plaintiffs brought a malpractice claim against Clare Community Hospital and Elmer C. Shurlow, D.O., alleging that Dr. Shurlow negligently prescribed Cortisporin ointment to David Nichols, resulting in loss of vision in his right eye. Defendants filed a third-party claim against the manufacturer of Cortisporin, Burroughs Wellcome Company, alleging product liability in failing to adequately warn regarding use of Cortisporin. Burroughs, claiming that the warnings that were given were adequate, moved for summary disposition pursuant to MCR 2.116(C)(10). Defendants appeal as of right from an order granting summary disposition in favor of Burroughs. We affirm.

I

Defendants contend that the trial court erred in taking from the jury the question whether Burroughs failed to adequately warn by not requiring doctors to conduct specific tests before prescribing the ointment. They also contend that the trial court erred in taking from the jury the question whether the alleged inadequate warning was a proximate cause of the injury. They further contend that the trial court erred in making findings of fact regarding whether an herpetic condition existed before Dr. Shurlow prescribed the ointment, and in concluding that it was the doctor's negligence, rather than the inadequate warning, that caused the injury.

II

MCR 2.116(C)(10) provides that summary disposition of all or part of a claim or defense may be granted when, except for the amount of damages, there is no genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law. A motion for summary disposition under this subrule tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). The party opposing the motion has the burden of showing that a genuine issue of disputed fact exists. *Pantely v Garris, Garris & Garris, PC,* 180 Mich App 768, 773; 447 NW2d 864 (1989). The nonmovant may not rest upon mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine

issue for trial. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988). Giving the benefit of any reasonable doubt to the nonmovant, the court must determine whether a record might be developed that will leave open an issue upon which reasonable minds could differ. *Dumas, supra.* All inferences are to be drawn in favor of the nonmovant. *Dagen v Hastings Mutual Ins Co,* 166 Mich App 225, 229; 420 NW2d 111 (1987). Before judgment may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Peterfish v Frantz,* 168 Mich App 43, 48-49; 424 NW2d 25 (1988).

### III

Defendants argue that the court erred in granting summary disposition because there was a genuine issue of material fact regarding whether the warnings provided by Burroughs were adequate. We disagree.

The manufacturer of a prescription drug has, at minimum, a legal duty to warn the medical profession of any risks inherent in its use that the manufacturer knows or should know exist. *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 88; 273 NW2d 476 (1979); *Mowery v Crittenton Hosp,* 155 Mich App 711, 717; 400 NW2d 633 (1986).

A warning provided by Burroughs in the package insert that comes with the Cortisporin states that "Employment of steroid medication in the treatment of herpes simplex requires great caution." It further recommends that:

> The initial prescription and renewal of the medication order beyond 8 grams should be made by a physician only after examination of the patient

with the aid of magnification, such as slit lamp biomicroscopy and, *where appropriate, fluorescein staining.* [Emphasis added.]

Defendants admit that Dr. Shurlow knew of the warnings against using the Cortisporin when an herpetic infection is present. Dr. Shurlow further testified that he would not have prescribed it had he thought herpes was present, but would have referred David Nichols to an ophthalmologist. Dr. Shurlow was also aware that the reason Cortisporin was contraindicated, if herpes were present, was because it could possibly cause scarring, thus making the condition worse.

The trial court found that defendants' actual theory was that Burroughs' warning was inadequate, not because it failed to properly advise regarding risk of use, but because it did not adequately advise regarding proper diagnostic procedures.

Defendants' theory, in effect, is that Burroughs' warning failed to assist doctors in properly diagnosing an herpetic infection. A manufacturer fulfills its duty to the medical community when it warns of the risk inherent in use of the drug. *Smith, supra; Mowery, supra.* There is no requirement that the warning apprise the doctor of how to properly diagnose the condition that renders use dangerous. Because the warnings provided by Burroughs alerted Dr. Shurlow of the risk inherent in use of the drug, as he admitted, defendants have failed to establish that a genuine issue of material fact existed regarding whether the warnings were adequate.

IV

Defendants further argue that the court erred in

granting summary disposition because a genuine issue of material fact existed regarding whether the prescription of the ointment was a proximate cause of David Nichols' injury. We disagree.

An indispensable element of a product liability case is proof that the manufacturer's alleged negligence proximately caused the plaintiff's injury. *Tasca v GTE Products Corp,* 175 Mich App 617, 622; 438 NW2d 625 (1988). To establish the element of proximate causation, a plaintiff must show that an adequate warning would have prevented the plaintiff's injury by altering the prescribing doctor's conduct or that the doctor might have heeded the warning. *Mowery, supra,* pp 721-722; *Dunn v Lederle Laboratories,* 121 Mich App 73, 85; 328 NW2d 576 (1982).

Here, Dr. Shurlow's deposition testimony makes it clear that he knew at the time he prescribed Cortisporin to David Nichols that it was contraindicated if Nichols had herpes. He further testified that if he had suspected herpes he would not have treated Nichols at all, but would have referred him to an ophthalmologist. Therefore, additional warnings about the use of Cortisporin, while an herpetic infection was present, would not have altered Dr. Shurlow's conduct in any way.

v

Defendants' further argument that the trial court made erroneous findings of fact regarding the existence of an herpetic condition, which Dr. Shurlow negligently failed to diagnose, even if correct, is not determinative. Even giving Dr. Shurlow the benefit of the doubt that he did not misdiagnose the condition, the fact remains that the warnings provided by Burroughs appropriately advised him of the risk of use when herpes was

present. Thus, the court's findings regarding Dr. Shurlow's alleged negligence are not material to its decision that Burroughs' warnings were adequate.

## VI

Giving the benefit of reasonable doubt to the nonmovants, we do not believe that a record can be developed that would leave an issue open upon which reasonable minds could differ. *Dumas, supra.* It is impossible for the claim asserted to be supported by evidence at trial. *Peterfish, supra,* pp 48-49.

Affirmed.