SCHUTTE v CELOTEX CORPORATION

Docket No. 123691. Submitted May 21, 1992, at Detroit. Decided September 21, 1992, at 9:30 A.M. Leave to appeal sought.

Jean M. Schutte, as personal representative of the estate of Edward R. Tarnosky, deceased, brought an action in the Wayne Circuit Court against the Celotex Corporation and others, seeking damages resulting from the decedent's death from lung cancer, allegedly caused by his exposure to a product containing asbestos manufactured by Celotex's corporate predecessor. Settlements were reached with all defendants except Celotex. A jury found Celotex liable for the failure to warn of the dangerous nature of the product and awarded the plaintiff $300,000. The court, James E. Mies, J., reduced the verdict by the amount of the settlements and entered judgment. The defendant appealed.

The Court of Appeals *held:*

1. There was evidence from which a reasonable juror could conclude that exposure to the defendant's asbestos product was a substantial factor in causing the decedent's lung cancer and death. There was also a question of fact regarding whether the decedent was exposed to the defendant's asbestos product. Therefore, the defendant's motions for a directed verdict and judgment notwithstanding the verdict were properly denied.

2. The plaintiff's failure to demonstrate that, had the defendant's predecessor warned of the danger, the risk of injury would have been avoided did not entitle the defendant to a directed verdict or judgment notwithstanding the verdict. In a case such as this, where the consequences of the exposure to asbestos are severe, the lack of warning is undisputed, and the person exposed is dead, the jury may be permitted to infer that a warning would have been heeded and that the failure to warn was a proximate cause of the injury.

3. No prejudice resulted from the trial court's interruption of the trial for a scheduled vacation. The court did not abuse its

REFERENCES
Am Jur 2d, Negligence §§ 383, 546-555.
Products liability: inhalation of asbestos. 39 ALR4th 399.

discretion in refusing to grant a mistrial when the trial resumed.

4. The defendant's motion for a mistrial or for a curative instruction because of alleged inaccurate comments made by the plaintiff's counsel during his opening statement was properly denied. The defendant failed to show that the statements were inaccurate or that it was prejudiced by the statements.

Affirmed.

1. NEGLIGENCE — PROXIMATE CAUSE — MULTIPLE CONTRIBUTING FACTORS.

Liability for negligence does not attach unless the plaintiff establishes that the injury in question was proximately caused by the defendant's negligence; where more than one factor contributes to produce an injury, the negligence of one actor is the proximate cause of the injury only if it was a substantial factor.

2. NEGLIGENCE — FAILURE TO WARN — PROXIMATE CAUSE.

Generally, when proceeding under a theory of liability based on negligent failure to warn, proximate cause cannot be established unless it is shown that an adequate warning would have prevented the plaintiff's injury by altering the conduct involved; however, where the consequences of exposure to an injury-producing product are severe, the lack of warning is undisputed, and the worker who used the product is dead, the jury may be permitted to infer that a warning would have been heeded and that the failure to warn was a proximate cause of the injury.

*Henderson & Goldberg, P.C.* (by *Joel Persky*), for the plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Clayton F. Farrell* and *Noreen L. Slank*), for the defendant.

Before: SHEPHERD, P.J., and MURPHY and P. D. HOUK,* JJ.

MURPHY, J. Defendant appeals from a judgment entered after a jury found it liable for negligence related to the death of Edward Tarnosky, plaintiff's decedent. We affirm.

Edward Tarnosky died from lung cancer on

* Circuit judge, sitting on the Court of Appeals by assignment.

April 16, 1982, after working as a plumber and pipefitter for thirty-four years. During his work, Mr. Tarnosky was exposed to various products containing asbestos, including "Carey cement," a product manufactured by defendant's corporate predecessor.

Plaintiff brought this action, alleging in part that defendant was liable for negligence because defendant's predecessor failed to warn Mr. Tarnosky of the dangerous nature of its asbestos products. Robert Abbs, Mr. Tarnosky's former co-worker, testified that he and Mr. Tarnosky had worked together and that Mr. Tarnosky had been exposed to various asbestos products, including Carey cement, for a period of approximately three months. Mr. Abbs testified that when he worked as an insulator at the Chevy Powerhouse, the decedent and other pipefitters would work above, below, and next to him and other insulators, and that asbestos dust was visible in the air and on their clothing. Dr. Gerritt Schepers, plaintiff's medical expert, testified that less than a three-month exposure to asbestos was sufficient to cause asbestosis and lung cancer and that the exposure to asbestos was a causative factor in Mr. Tarnosky's contracting lung cancer and ultimately in his death. Dr. Schepers also testified that Mr. Tarnosky's cigarette smoking was a substantial contributing factor to his contracting lung cancer. At the conclusion of the trial, the jury found defendant liable and awarded plaintiff $300,000. The trial court reduced the verdict by an amount equal to prior settlements reached by plaintiff with former defendants.

I

Defendant first contends that the trial court

erred in denying defendant's motions for a directed verdict and judgment notwithstanding the verdict because plaintiff failed to show that exposure to Carey cement was a substantial factor in Mr. Tarnosky's lung cancer, and therefore failed to show proximate cause.

Directed verdicts are not favored, especially in negligence actions. *Vsetula v Whitmyer,* 187 Mich App 675, 679; 468 NW2d 53 (1991); *Goldman v Phantom Freight, Inc,* 162 Mich App 472, 477; 413 NW2d 433 (1987). This Court reviews a trial court's decision regarding a motion for a directed verdict to determine whether, viewing the evidence in the light most favorable to the nonmoving party, a question of fact for the jury existed. *Stoken v J E T Electronics & Technology, Inc,* 174 Mich App 457, 463; 436 NW2d 389 (1988). The trial court's decision to grant or deny a motion for a directed verdict will not be disturbed on appeal unless the trial court abused its discretion. *Howard v Canteen Corp,* 192 Mich App 427, 431; 481 NW2d 718 (1992). Similarly, judgment notwithstanding the verdict is improper where the evidence is such that reasonable minds could differ. *Byrne v Schneider's Iron & Metal, Inc,* 190 Mich App 176, 179; 475 NW2d 854 (1991).

Liability for negligence does not attach unless the plaintiff establishes that the injury in question was proximately caused by the defendant's negligence. *Brisboy v Fibreboard Corp,* 429 Mich 540, 547; 418 NW2d 650 (1988); *Nichols v Clare Community Hosp,* 190 Mich App 679, 684; 476 NW2d 493 (1991). When there is more than one factor contributing to produce an injury, the negligence of one actor is the proximate cause of the injury only if it was a substantial factor in producing the injury. *Brisboy, supra,* 547; *Vsetula, supra,* 682. Proximate cause is usually a factual issue for the jury to determine. *Vsetula, supra,* 682.

In this case, plaintiff introduced evidence that Mr. Tarnosky was exposed to Carey cement for a period sufficient to cause injury and that occupational exposure to asbestos was a cause of his lung cancer and death. From the evidence presented, a reasonable juror could have concluded that exposure to defendant's asbestos product was a substantial factor in causing Mr. Tarnosky's lung cancer and death. The trial court therefore properly denied defendant's motions for a directed verdict and judgment notwithstanding the verdict. See *Brisboy, supra,* 548-549.

II

Defendant next contends that it was entitled to a directed verdict or judgment notwithstanding the verdict because plaintiff failed to adequately identify defendant's product. Defendant correctly notes that plaintiff cannot establish exposure to the particular product through evidence that the product was simply present somewhere in Mr. Tarnosky's workplace, but must instead show that the product was used in the specific area in which Mr. Tarnosky worked. *Barlow v John Crane-Houdaille, Inc,* 191 Mich App 244, 247-251; 477 NW2d 133 (1991).

Plaintiff, however, presented evidence that Mr. Tarnosky was directly exposed to Carey cement, and not merely that the product was present at the workplace. Viewing the evidence in the light most favorable to plaintiff, a question of fact for the jury existed regarding whether Mr. Tarnosky was exposed to Carey cement.

III

Defendant also contends that it was entitled to a

directed verdict or judgment notwithstanding the verdict because plaintiff failed to demonstrate that, had defendant's predecessor warned of the danger, the risk of injury would have been avoided. Generally, when proceeding under a theory of liability based on a negligent failure to warn, proximate cause cannot be established unless it is shown that an adequate warning would have prevented the plaintiff's injury by altering the conduct involved. *Nichols, supra,* 684. See, e.g., *Woodworth v Gates Learjet Corp,* 173 Mich App 480; 434 NW2d 167 (1988); *May v Parke, Davis & Co,* 142 Mich App 404, 418; 370 NW2d 371 (1985); *Falkner v John E Fetzer, Inc,* 113 Mich App 500; 317 NW2d 337 (1982).

We believe, however, that in certain circumstances the jury should be permitted to infer that a warning would have resulted in the product not being used or other appropriate action being taken to heed the warning. In *Muilenberg v Upjohn Co,* 115 Mich App 316, 332-333; 320 NW2d 358 (1982), the doctor who had prescribed the defendant manufacturer's drug for the plaintiff testified that he had not been warned regarding the dangers of the drug in question, and that he had prescribed the drug as an alternative to another drug that he did not want to prescribe because it had serious side effects. This Court reasoned that, because the doctor had not been warned, the doctor did not hesitate to prescribe the drug and that there was, therefore, sufficient evidence to send the question of proximate cause to the jury. *Id.,* 333.

The result in *Muilenberg* is in agreement with the recent federal court decision in *Raney v Owens-Illinois, Inc,* 897 F2d 94 (CA 2, 1990). In *Raney,* the plaintiff's decedent had died from asbestos-related lung cancer after working for several years as an asbestos installer. The plaintiff sought to

recover on the theory of failure to warn. The jury found in favor of the plaintiff. On appeal, the defendants contended that the plaintiff had failed to introduce sufficient evidence to demonstrate that the decedent would have heeded a warning had one been given.

Interpreting New York law, the court noted that a plaintiff in a failure-to-warn case must present evidence that the failure to warn was the proximate cause of the injury. However, the court also noted that, in some cases, causation may be inferred with respect to whether a warning would have been heeded. The court held that, under the circumstances of that case, the jury could reasonably infer that a warning would have been heeded, concluding that what an asbestos worker would have done if confronted with the danger of his work is within the range of reasonable dispute that makes the question appropriate for the jury. *Id.,* 96.

We adopt the reasoning in *Raney.* In certain situations such as this one, where the consequences of the exposure are severe, the lack of warning is undisputed, and the person exposed is dead, the jury may be permitted to infer that a warning would have been heeded and that the failure to warn was a proximate cause of the injury. Not only would it be virtually impossible to prove what the decedent would have done had he been warned, but, as a practical matter, nothing more is added in this case by having a witness merely state that, had the danger been known to Mr. Tarnosky, he would have acted to avoid the danger. As in *Raney,* what Mr. Tarnosky would have done if warned was properly left to the jury.

IV

Defendant next contends that it was entitled to

a mistrial because the trial was interrupted for the trial judge's vacation. Whether to grant or deny a mistrial is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion resulting in a miscarriage of justice. *McCarthy v Belcher,* 128 Mich App 344; 340 NW2d 848 (1983); see also *Blake v Consolidated Rail Corp,* 176 Mich App 506, 522-523; 439 NW2d 914 (1989). Further, the conduct of a trial is within the control of the presiding judge and does not result in error warranting reversal unless there is some proof of prejudice. *Van Oordt v Metzler,* 375 Mich 526, 530; 134 NW2d 609 (1965); see also *Bates v Detroit,* 66 Mich App 701; 239 NW2d 716 (1976).

In this case, the trial judge informed the parties at the beginning of the trial that he would be taking a three-week vacation four weeks from then. Defendant contends that the delay confused the jury, as evidenced by the jury's request when the trial resumed that certain testimony be re-read. There is no indication, however, that the jury request was prompted by the delay, or that it was prejudicial to defendant. Absent proof of prejudice, the trial court did not abuse its discretion in refusing to grant a mistrial.

v

Defendant also contends that it was entitled to a mistrial or a curative instruction because plaintiff's counsel made inaccurate comments during his opening statement. Defendant has failed to demonstrate that the statements were inaccurate or that defendant was prejudiced by the allegedly inaccurate statements. The trial court therefore did not abuse its discretion in denying defendant's motion for a mistrial or for a curative instruction.

Affirmed.