ALLEN v OWENS-CORNING FIBERGLAS CORPORATION

Docket No. 190696. Submitted March 4, 1997, at Detroit. Decided September 12, 1997, at 9:25 A.M. Leave to appeal sought.

James R. Upham brought an action in the Genesee Circuit Court against Owens-Corning Fiberglas Corporation and others, seeking damages for his mesothelioma that was allegedly caused by his exposure to asbestos in the course of his employment. When Upham died, Lynn Allen, as a personal representative of Upham's estate, was substituted as party plaintiff. The claims against all the defendants except Owens-Corning were settled or dismissed. The plaintiff alleged that the deceased's mesothelioma resulted from his exposure from 1953 to 1972 to a product containing asbestos that was first distributed and then manufactured by Owens-Corning (hereinafter defendant) and that the deceased's injury and death were proximately caused by the failure of the defendant to warn of the danger resulting from an exposure to asbestos. Before trial, the plaintiff moved to preclude the defendant from presenting any evidence regarding the deceased's exposure to other sources of asbestos or from presenting any evidence that the defendant was not aware before the 1960s that asbestos could cause mesothelioma. At the close of proofs, the court granted the plaintiff's motion to strike the testimony concerning the deceased's exposure to other asbestos products and instructed the jury to that effect. The court denied the defendant's motion for a directed verdict based on the asserted failure of the plaintiff to show that the deceased would have altered his behavior in response to a warning. The jury returned a verdict for the plaintiff. The defendant appealed.

The Court of Appeals *held*:

1. A plaintiff in a products liability action must show that a defendant's conduct was a proximate cause of the injury. Although a plaintiff in a products liability action need not offer evidence that positively excludes every other cause, where a number of factors contribute to produce an injury, a defendant's negligence will be considered a proximate cause of the harm if it was a substantial factor in producing the injury. The jury should have been permitted to consider the evidence relating to the deceased's exposure to other products containing asbestos for the purpose of determining whether the deceased's exposure to the defendant's product was a

substantial factor in producing the deceased's injury and, thus, whether it was a proximate cause of that injury. Accordingly, the trial court erred in striking the testimony concerning the deceased's exposure to other products containing asbestos.

2. Although the trial court erred in striking the testimony concerning the deceased's exposure to other products containing asbestos, that error was harmless because the plaintiff presented, through unrebutted medical testimony, sufficient evidence to establish that exposure to the defendant's product was a substantial cause of the deceased's mesothelioma.

3. In most products liability cases based on a defendant's failure to warn of a known danger, the plaintiff has the burden of establishing that the harm would have been avoided by an alteration of behavior if a warning had been given. However, a jury may infer that a warning would have been heeded and that the failure to warn was a proximate cause of the harm where the consequences of the exposure to the harmful agent are severe, the lack of a warning is undisputed, and the person exposed to the harmful agent is dead.

4. Because there was evidence presented at trial establishing that the defendant was aware as early as the 1940s that exposure to asbestos caused asbestosis and because the plaintiff did not need to establish in specific detail that the mechanism of injury was foreseeable or anticipated, the trial court did not abuse its discretion in refusing to allow the defendant to present evidence that it was not aware until the 1960s that exposure to asbestos could cause mesothelioma.

Affirmed.

WHITE, J., concurring, stated that because of the evidence presented regarding the deceased's exposure to asbestos and the medical evidence regarding causation, the trial court's instruction striking the proofs regarding exposure to other asbestos-containing products does not warrant reversal.

PRODUCTS LIABILITY — PROXIMATE CAUSE — EXPOSURE TO ASBESTOS.

A defendant's negligence will be considered a proximate cause of the harm if it was a substantial factor in producing the injury for which damages are sought; a jury in a products liability action based on a claim that death resulted from a deceased's exposure to asbestos as a result of the use of a defendant's product should be permitted to hear and to consider evidence concerning the deceased's exposure to other products containing asbestos so that the jury will be able to evaluate and to determine whether the deceased's exposure to the defendant's product was a substantial factor in producing the deceased's injury and, thus, was a proximate cause of that injury.

*Jo Ann M. Carlson,* for the plaintiff.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Linda M. Garbarino* and *Mark A. Wisniewski*), for the defendant.

Before: CAVANAGH, P.J., and REILLY and WHITE, JJ.

PER CURIAM. Defendant, Owens-Corning Fiberglas Corporation, appeals as of right the jury verdict in favor of plaintiff in this products liability action. We affirm.

The decedent, James Upham, filed this action in December 1993, shortly after he was diagnosed with mesothelioma. After he died in February 1994, his daughter, Lynn Allen, was appointed copersonal representative of his estate and was substituted as party plaintiff.

The decedent was a welder at the General Motors Buick plant in Flint from 1952 to 1988. Testimony at trial established that the decedent had been exposed to "Kaylo," a product manufactured and distributed by defendant,[1] during the course of his employment. Kaylo was a pipe covering and block insulation product that contained approximately fifteen percent asbestos. In 1972, all asbestos was removed from the Kaylo product line.

Shortly before trial, plaintiff moved in limine to preclude defendant from presenting any evidence regarding the decedent's alleged exposure to other sources of asbestos. Defendant opposed the motion, arguing

---

[1] Testimony at trial established that Kaylo was manufactured by Owens-Illinois until approximately 1958, when defendant purchased the Kaylo production plant. However, defendant began distributing Kaylo around 1953.

that exposure to other products was pivotal to the issue of causation. Defendant further maintained that a jury could not determine whether its product was a substantial factor in causing the decedent's injury if it were given no information concerning the decedent's exposure to other manufacturers' asbestos products.

The trial court initially ruled that evidence of the decedent's exposure to other manufacturers' products was admissible. However, after the close of proofs, plaintiff brought a motion to strike the testimony regarding the decedent's exposure to other asbestos products. Plaintiff argued that defendant had failed to produce any evidence that exposure to asbestos products other than those of defendant was the sole cause of the decedent's mesothelioma. The trial court granted plaintiff's motion. In addition, the trial court instructed the jury as follows:

> [Y]ou are instructed that as a matter of law I have found that you should disregard any and all testimony or proof regarding James Upham's exposure to other asbestos-containing products not manufactured or distributed by the defendant, Owens-Corning Fiberglas. Such testimony and proof is stricken and should be disregarded and not considered by you in deciding the issues in this case.

The jury found that defendant was negligent and that defendant's negligence was the cause of the decedent's injury. The jury awarded damages of $1 million to the decedent's estate and $250,000 to each of his two daughters.

I

A

Defendant argues that the trial court erred in striking all the evidence of the decedent's exposure to the

asbestos products of other manufacturers. Defendant notes that the decedent testified at deposition that he had worked with the products of various other companies, and his co-workers testified about the use of other companies' products as well.

We review a trial court's evidentiary rulings for an abuse of discretion. An abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion. *Mina v General Star Indemnity Co*, 218 Mich App 678, 687-688; 555 NW2d 1 (1996).

To prove that defendant is liable for the injury to plaintiff's decedent, plaintiff must show that defendant's conduct was a proximate cause of the injury. See *Moll v Abbott Laboratories*, 444 Mich 1, 16; 506 NW2d 816 (1993). In order to show proximate cause, plaintiff must prove that the injury was a probable, reasonably anticipated, and natural consequence of the defendant's negligence. See *McLean v Rogers*, 100 Mich App 734, 736; 300 NW2d 389 (1980). A plaintiff in a products liability action need not offer evidence that positively excludes every other possible cause. It is enough that a plaintiff establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories. *Skinner v Square D Co*, 445 Mich 153, 179; 516 NW2d 475 (1994).

There may be more than one proximate cause of an injury. Two causes frequently operate concurrently so that both constitute a direct proximate cause of the resulting harm. Therefore, a defendant cannot escape liability for its negligent conduct simply because the negligence of others may also have contributed to the

injury suffered by a plaintiff. When a number of factors contribute to produce an injury, one actor's negligence will be considered a proximate cause of the harm if it was a substantial factor in producing the injury. *Brisboy v Fibreboard Corp*, 429 Mich 540, 547; 418 NW2d 650 (1988).

In challenging the trial court's refusal to allow the jury to consider testimony regarding the decedent's exposure to other asbestos products, defendant relies on *Laney v Celotex Corp*, 901 F2d 1319 (CA 6, 1990). *Laney* was also a personal injury case arising from asbestos exposure. In that case, the federal Court of Appeals for the Sixth Circuit held that the trial court had erred in excluding evidence proffered by the defendant about the plaintiff's exposure to other asbestos products. The *Laney* court reasoned:

> [E]vidence of Plaintiff's exposure to other asbestos products goes to the fundamental question of cause. A jury may consider all evidence of contributing factors to determine which, if any, were substantial factors in causing Plaintiff's injury. The substantial factor analysis cannot be made in a vacuum. [*Id.* at 1321.]

Although this Court is not bound by a federal court decision construing Michigan law, it may follow the decision if the reasoning is persuasive. See *Royalite Co v Federal Ins Co*, 184 Mich App 69, 75; 457 NW2d 96 (1990). We are persuaded that the decision in *Laney* is correct. To exclude evidence of other exposures to asbestos is to force the jury to decide whether the defendant's product was a substantial factor in producing the plaintiff's injury "in a vacuum." See *Laney, supra* at 1321.

Under Michigan law, a defendant may introduce evidence that the plaintiff's injury is attributable to another's negligence, even if the alleged negligent actor is not a party to the action. *Mitchell v Steward Oldford & Sons, Inc*, 163 Mich App 622, 627; 415 NW2d 224 (1987). Thus, defendant's attempt to attribute the decedent's illness to other manufacturers' asbestos products was a legitimate effort to rebut plaintiff's claim.

Proximate cause is usually a factual issue for the jury to determine. *Alar v Mercy Memorial Hosp*, 208 Mich App 518, 537; 529 NW2d 318 (1995). When multiple factors contribute to produce the plaintiff's injury, one actor's negligence will be considered a proximate cause of the harm if it was a substantial factor in producing the injury. *Brisboy, supra.* One of the considerations in determining whether negligent conduct is a "substantial factor" in producing an injury is "the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it." 2 Restatement Torts, 2d, § 433(a), p 432. Thus, in order to determine whether a particular factor was a substantial factor in causing a plaintiff's injury, a jury should be permitted to weigh evidence of other contributing factors. In the present case, whether the decedent's "exposure to defendant's product was significant in terms of intensity and when viewed in the scope of [the decedent's] entire work history" was a question for the jury. See *Brisboy, supra* at 550.

Plaintiff argues that allowing defendant to introduce evidence of the decedent's exposures to other asbestos products would have been more prejudicial than probative and would only have served to con-

fuse the jury. Under MRE 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Unfair prejudice exists when marginally relevant evidence might be given undue or preemptive weight by the jury or when it would be inequitable to allow use of such evidence. *Haberkorn v Chrysler Corp*, 210 Mich App 354, 361-362; 533 NW2d 373 (1995).

Contrary to plaintiff's argument, evidence of the decedent's exposure to the asbestos products of other manufacturers would not have been more prejudicial than probative. Proximate cause is an essential element of plaintiff's case. See *Moll, supra*. In order for the jury to determine whether defendant's product was a substantial factor in producing the decedent's injury, and therefore a proximate cause of the injury, it must be permitted to consider the number of other factors that contributed to produce the harm. See Restatement, *supra*. Accordingly, we find that the trial court abused its discretion in excluding evidence of the decedent's exposures to other manufacturers' asbestos products.

B

We have concluded that the trial court erred in excluding evidence of the decedent's exposure to other asbestos products. Nevertheless, we find that the error was harmless because plaintiff presented sufficient evidence to establish that exposure to defendant's product was a substantial cause of the decedent's mesothelioma. Cf. *Fibreboard Corp v Pool*, 813 SW2d 658, 695 (Tex App, 1991), cert den 508 US 909 (1993) (finding that the trial court's error in excluding testimony regarding the asbestos products

of insolvent parties was harmless because the evidence showed at most that the other parties were joint tortfeasors with the defendant).

Plaintiff's expert, Dr. Bernard Naylor, testified that each exposure to asbestos was a significant contributing cause of the decedent's mesothelioma. Dr. Naylor explained that individual exposures would have contributed cumulatively to the development of the disease. Although defendant attempted to impeach Dr. Naylor's testimony, defendant offered no contrary medical evidence.

Eldon Bellows, who worked with the decedent from approximately 1956 to 1972, testified that he and the decedent used Kaylo pipe covering on a regular basis. Bellows explained that he and the decedent would cut holes in the pipe covering in order to put it on the pipes, in the process generating dust. Another co-worker, Charles Miller, testified that he had been a pipefitter at Buick. Miller stated that he had worked directly with the decedent many times. The decedent would cut the pipe covering to size. Up until about 1972, asbestos covering was used. Miller described cutting the asbestos pipe covering as a very dusty process. Miller recalled that the pipe covering used at Buick had been mostly manufactured by Owens-Corning and Johns-Manville. Miller stated that he worked with the decedent many times when the decedent would cut Owens-Corning pipe covering for him. The decedent himself testified at deposition that he frequently worked with asbestos pipe covering before 1972 and, in particular, was able to recall using products manufactured by "Owens" and Johns-Manville. Given the above testimony, we believe that plaintiff

demonstrated that exposure to defendant's product was a substantial cause of the decedent's injury.[2]

II

Defendant next asserts that the trial court erred in denying its motion for a directed verdict. We review a trial court's decision with regard to a motion for a directed verdict de novo. When evaluating a motion for a directed verdict, a court must consider the evidence in the light most favorable to the nonmoving party, making all inferences in the nonmoving party's favor. The grant of a directed verdict is appropriate only when no factual question exists upon which reasonable minds could differ. *Meagher v Wayne State Univ*, 222 Mich App 700, 708; 565 NW2d 401 (1997).

Defendant argues that the trial court should have granted its motion for a directed verdict because there was no evidence that the decedent would have done anything differently if a warning had been placed on defendant's product. We disagree.

Under Michigan law, the manufacturer of a product has a duty to warn of dangers associated with the intended uses or reasonably foreseeable misuses of its product. *Portelli v I R Const Products Co, Inc*, 218 Mich App 591, 598-599; 554 NW2d 591 (1996). In most failure-to-warn cases, proximate cause is not established absent a showing that the plaintiff would have altered his behavior in response to a warning. However, in certain circumstances the jury may infer this fact from the evidence presented. When the conse-

---

[2] We note that in *Brisboy*, the Supreme Court held that an intensive exposure to the defendant's product for six to nine months could reasonably be considered a substantial factor in bringing about the plaintiff's injuries. *Brisboy, supra.*

quences of the exposure are severe, the lack of warning is undisputed, and the person exposed is dead, the jury may be permitted to infer that a warning would have been heeded and that the failure to warn was a proximate cause of the injury. *Bordeaux v Celotex Corp*, 203 Mich App 158, 166; 511 NW2d 899 (1993). See generally anno: *Presumption or inference, in products liability action based on failure to warn, that user of product would have heeded an adequate warning had one been given*, 38 ALR5th 683.

In this case, the trial court held that there was evidence that the decedent was the type of worker that read directions and followed rules and that this evidence was sufficient to preclude a directed verdict in defendant's favor.[3] We find no error. There was evidence presented that, viewed in the light most favorable to plaintiff, could have permitted a jury to conclude that the decedent would have heeded a warning, had one been given. Bellows testified that the decedent was a conscientious worker who avoided harmful conduct and followed all the rules pertaining to the job. Bellows also testified that he observed the decedent reading directions and then following them, and in addition he saw the decedent wear safety equipment. Furthermore, given the severe

---

[3] Defendant cites the following passage from the decedent's deposition as evidence that he did not pay attention to warnings:

> *Q.* And you can't recall either way whether or not there was any type of wording or warning on these boxes which you on occasion would observe, correct?
>
> *A.* I never paid attention to that at that time. No. I would—now I'm sure.

However, we find this testimony to be at best ambiguous.

consequences of the exposure, the lack of warning, and the death of the decedent, the jury was permitted to infer that the decedent would have heeded a warning.[4] See *Bordeaux, supra.*

### III

Finally, defendant argues that the trial court improperly precluded it from submitting evidence that it was not aware that asbestos could cause mesothelioma until the 1960s. As noted above, the decision to admit or exclude evidence is within the trial court's discretion. See *Mina, supra.*

In the trial court, plaintiff requested that "defendant be prohibited from introducing evidence, mentioning, alleging, arguing or otherwise attempting in any way to assert as a defense that, although they were aware that asbestos cause[s] asbestosis and lung cancer in the 1930's, 1940's and 1950's, they did not learn that asbestos caused mesothelioma until the 1960's." The trial court granted plaintiff's motion.

We find no error. A plaintiff need not establish that the mechanism of injury was foreseeable or anticipated in specific detail. It is only necessary that the evidence establishes that some injury to the plaintiff was foreseeable or to be anticipated. *Schultz v Con-*

---

[4] Defendant cites several cases in support of its argument. However, we find these cases to be distinguishable because there is no evidence that a warning would not have affected the decedent's conduct. See *Nichols v Clare Community Hosp,* 190 Mich App 679, 684; 476 NW2d 493 (1991) (additional warnings about the drug would have had no effect because the doctor knew of the dangers already); *Woodworth v Gates Learjet Corp,* 173 Mich App 480, 484-485; 434 NW2d 167 (1988) (the element of proximate cause was not established where no evidence was presented that warnings that windshield was not bird-resistant would have caused the defendant company to change the windshield); *Mowery v Crittendon Hosp,* 155 Mich App 711, 721; 400 NW2d 633 (1986) (even if additional warnings had been given, the doctor still would have prescribed the drug).

*sumers Power Co*, 443 Mich 445, 452, n 7; 506 NW2d
175 (1993); *Babula v Robinson*, 212 Mich App 45, 53;
536 NW2d 834 (1995). In the present case, evidence
was presented that defendant was aware in the 1940s
and 1950s that exposure to asbestos causes asbesto-
sis. Because defendant had knowledge of harm from
exposure to asbestos, it had the duty to warn the
decedent of the potential for injury even though it did
not know of the risk of the particular disease that
ultimately claimed the decedent's life. Therefore, the
trial court did not abuse its discretion in refusing to
allow defendant to present evidence that it was not
aware that exposure to asbestos could cause
mesothelioma until the 1960s.

Affirmed. No taxable costs pursuant to MCR 7.219,
neither party having prevailed in full.

WHITE, J. *(concurring)*. Given the evidence
presented regarding the decedent's exposure to
defendant's product and other asbestos-containing
products, and the medical testimony regarding causa-
tion, I agree that the court's instruction striking the
proofs regarding exposure to other asbestos-contain-
ing products does not warrant reversal.

I join in parts II and III of the opinion.