# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS S. TOTEFF,

        Plaintiff-Appellee,

v

JOSEPH H. HEMMING and LAW OFFICES OF
JOSEPH H. HEMMING,

        Defendants-Appellants.

UNPUBLISHED
August 21, 2018

No.  337182
Oakland Circuit Court
LC No.  2015-147155-NM

Before:  SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendants, Joseph H. Hemming and Law Offices of Joseph H. Hemming, appeal as of right a judgment for plaintiff, Thomas Toteff, following a jury trial in this legal malpractice action.  For the reasons stated in this opinion, we reverse and remand.

## I.  BASIC FACTS

This legal malpractice case arises out of Hemming's representation of plaintiff Toteff in an underlying divorce action.  Toteff contends in the present action that Hemming breached the applicable standards of practice in regard to the settlement of the divorce case.  The jury in this legal malpractice case found in favor of Toteff, and the trial court entered a judgment in favor of Toteff in conformance with the verdict.  In the motion for a directed verdict and subsequent motion for a judgment notwithstanding the verdict or a new trial, Hemming argued, in relevant part, that the doctrines of judicial estoppel and collateral estoppel barred Toteff's legal malpractice claim.  He also argued that the trial court erred by excluding court-ordered psychological evaluations, a personal protection order (PPO), and evidence that Toteff failed to file tax returns.  The trial court denied both motions.  This appeal follows.

## II.  JUDICIAL ESTOPPEL

### A.  STANDARD OF REVIEW

Hemming first argues that the doctrine of judicial estoppel bars Toteff's legal malpractice action.  The applicability of the doctrine of judicial estoppel is reviewed de novo.  *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012).

-1-

B. ANALYSIS

Under the doctrine of judicial estoppel, a party who "has successfully and unequivocally asserted a position in a prior proceeding" is barred "from asserting an inconsistent one at a subsequent proceeding." *Auto-Owners Ins Co v Harvey*, 219 Mich App 466, 474; 556 NW2d 517 (1996). Michigan follows the prior success model of judicial estoppel, which provides that "a party who has *successfully* and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding." *Paschke v Retool Indus*, 445 Mich 502, 509; 519 NW2d 441 (1994) (quotation marks and citation omitted). Under this model, "the mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true." *Id.* at 510. "Further, in order for the doctrine of judicial estoppel to apply, the claims must be wholly inconsistent." *Id.* The doctrine "is widely viewed as a tool to be used by the courts in impeding those litigants who would otherwise play 'fast and loose' with the legal system." *Id.* at 509. In *Spohn*, 296 Mich App at 489, this Court explained:

> The doctrine of judicial estoppel is driven by the important motive of promoting truthfulness and fair dealing in court proceedings. Judicial estoppel differs from such other forms of estoppel as promissory estoppel and equitable estoppel in that judicial estoppel focuses on the relationship between the litigant and the judicial system as a whole, rather than solely on the relationship between the parties. Of utmost importance in determining whether to apply the doctrine of judicial estoppel is whether the party seeking to assert an inconsistent position would derive an unfair advantage if not estopped. [Quotation marks and citation omitted.]

Thus, ultimately, the purpose of judicial estoppel "is to protect the judicial process, not the parties." *Id.*

Hemming contends that the position Toteff took in the divorce proceedings was inconsistent with his position in the legal malpractice case. The central theory of legal malpractice pursued at trial was that Hemming failed to obtain sufficient information regarding the assets at issue in the divorce case and that Hemming was therefore inadequately prepared for the mediation that resulted in the settlement agreement in the divorce case. The record reflects that Toteff participated in the mediation process and that he voluntarily and knowingly entered into the settlement agreement that was the basis for the judgment of divorce. Toteff testified that he understood and agreed to the settlement, that he understood that he could have received more or less if the case had been tried to conclusion, and that he understood that the settlement agreement was final and binding. Toteff also testified that he was satisfied with Hemming's representation of him. And, in the judgment of divorce that Toteff signed, he agreed that he was waiving further discovery regarding assets. Thus, arguably, Toteff's position in the divorce proceedings—that he was satisfied with his legal representation and was entering a fair and reasonable settlement agreement—was wholly inconsistent with his position in the legal malpractice case—that his lawyer committed malpractice resulting in an excessive settlement award to Toteff's ex-wife.

Yet, technical satisfaction of the elements of judicial estoppel does not mandate its application. Judicial estoppel is "an equitable doctrine invoked by a court at its discretion" in order to "protect the integrity of the judicial process." *Opland v Kiesgan*, 234 Mich App 352, 365; 594 NW2d 505 (1999) (quotation marks and citation omitted). As a result, it "should be applied with caution to avoid impinging on the trust-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement." *Spohn*, 296 Mich App at 480 (quotation marks and citation omitted); see also *Opland*, 234 Mich App at 363-364 (quotation marks and citation omitted) ("The doctrine of judicial estoppel is to be applied with caution."). As this Court explained in *Opland*, judicial estoppel is an "extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice," and "[i]t is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims . . . ." *Id*. at 364 (quotation marks, citations, and alterations omitted). Rather, "[i]t is applied against litigants because of their 'deliberate manipulation' of the courts." *Id*., quoting *Helfand v Gerson*, 105 F3d 530, 536 (CA 9, 1997). "The doctrine 'is intended to protect *the courts* from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories.' " *Opland*, 234 Mich App at 364, quoting *Levinson v United States*, 969 F2d 260, 264 (CA 7, 1992).

If we were to apply the doctrine of judicial estoppel in cases such as this, a lawyer negligently giving bad advice to his or her client would always have immunity from a malpractice claim if that client relied on the bad advice and entered into a judicially-accepted settlement agreement. This would, as a practical matter, result because the client entering such an agreement would necessarily represent to the court that he or she was voluntarily entering into the agreement and that he or she understood the terms. But, in reality, the client might have been wholly relying on the bad legal advice he received from his lawyer. The client would then always be estopped from raising a subsequent claim for legal malpractice because he would have to assert a position that would be wholly inconsistent with the position he previously successfully asserted in court. To invoke judicial estoppel under circumstances where there is evidence that the earlier position was taken because of legal malpractice is the kind of action that would undermine, rather than protect, the integrity of the judicial process. See *Opland*, 234 Mich App at 364-366. Accordingly, under the circumstances present in this case, the trial court did not err by prohibiting Hemming from using judicial estoppel as a "technical defense" to "derail [a] potentially meritorious claim[]." See *id*. at 363.[1]

---

[1] We note that there is no indication on this record that Toteff is playing "fast and loose" with the legal system. Rather, based on his presumption that his lawyer had not committed malpractice in connection with his representation of him, Toteff agreed that the settlement agreement was fair and reasonable. Then, when Toteff gained a factual basis to believe that his lawyer's representation was negligent, he brought his claim for malpractice. If the facts reflected that Toteff knew or should have known that his lawyer was negligent in his representation of him when he agreed to settle, then the scales would likely tip in favor barring his malpractice claim.

## III. COLLATERAL ESTOPPEL

### A. STANDARD OF REVIEW

Hemming asserts that the trial court erred by declining to bar Toteff's claim under the doctrine of collateral estoppel. The applicability of collateral estoppel presents a question of law that is reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

### B. ANALYSIS

"Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). "[C]ollateral estoppel conclusively bars only issues actually litigated in the first action." *In re Consumers Energy Application for Rate Increase*, 291 Mich App 106, 122; 804 NW2d 574 (2010) (quotation marks, brackets, and citation omitted). "To be actually litigated, a question must be put into issue by the pleadings, submitted to the trier of fact, and determined by the trier." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 529; 866 NW2d 817 (2014). Here, the issue of whether Hemming committed malpractice in connection with his representation of Toteff was not actually litigated in the divorce pleadings. As a result, collateral estoppel is not applicable.

## IV. EVIDENTIARY DECISIONS

### A. STANDARD OF REVIEW

Finally, Hemming argues that the trial court abused its discretion by excluding evidence concerning a PPO, Toteff's failure to file income tax returns, and the psychological evaluations of Toteff and his ex-wife. "A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010) (citation omitted). The proponent of evidence has the burden of establishing that it is relevant and admissible. *Id*.

### B. ANALYSIS

MRE 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Generally, all relevant evidence is admissible. MRE 402. Hemming challenges to the exclusion of the PPO and psychological reports. He sought to admit these items because they contained or referred to allegations that Toteff abused his ex-wife, which would have been relevant to the determination of fault in the divorce case and thus to the advice rendered by Hemming regarding whether to settle the divorce case. The fault of a party in causing the divorce is a factor in determining spousal support, *Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003), and fault or past misconduct is also a pertinent consideration in achieving an equitable distribution of marital property, *Butler v Simmons-Butler*, 308 Mich App 195, 208; 863 NW2d 677 (2014). Accordingly, to the extent that Hemming considered the allegations of abuse contained in the PPO and psychological

reports in advising Toteff regarding whether to settle the divorce case, the PPO and psychological reports were relevant to whether Hemming's advice was proper.

Still, under MRE 403, a trial court may exclude relevant evidence "if its probative value is *substantially* outweighed by the danger of unfair prejudice . . . ." (Emphasis added). Thus, "evidence is not inadmissible simply because it is prejudicial." *Waknin v Chamberlain*, 467 Mich 329, 334; 653 NW2d 176 (2002). "Unfair prejudice exists when marginally relevant evidence might be given undue or preemptive weight by the jury or when it would be inequitable to allow use of such evidence." *Allen v Owens-Corning Fiberglas Corp*, 225 Mich App 397, 404; 571 NW2d 530 (1997). Here, the probative value of the PPO and the psychological reports is significant, not marginal. The evidence goes directly to the issues that were relevant in the divorce proceedings, including the property division and child custody issues. *Olson*, 256 Mich App at 631; *Butler*, 308 Mich App at 208. Further, both the PPO and the psychological reports were factors in Hemming's decision to advise Toteff to settle, which is the central issue in the malpractice claim. Without the PPO and the psychological reports, the jury was not given a complete picture of the case as it appeared to Hemming when he advised Toteff to settle. Thus, although the evidence would have clearly prejudiced Toteff, on this record, given the highly probative value of the evidence, the trial court abused its discretion by finding that the unfair prejudice from this evidence substantially outweighed the probative value of this evidence.

Hemming also challenges the exclusion of evidence that Toteff did not file tax returns. Hemming argues that the failure to file tax returns was a factor in the property distribution and settlement because it added to the difficulty in valuing the property and highlighted the questionable way in which Toteff managed his assets. Again, this evidence was necessary to inform the jury about the state of the divorce case at the time that Hemming advised Toteff to settle. As a result, it was both relevant under MRE 401 and not unfairly prejudicial under MRE 403.

In addition, we conclude that the trial court abused its discretion by excluding the PPO and the psychological reports on the basis of hearsay. MRE 801(c) defines "hearsay" as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible except as otherwise provided by the rules of evidence. MRE 802. The PPO and psychological reports were not being offered to prove the truth of the allegations that Toteff abused his ex-wife but rather to establish that Hemming had a reasonable basis for advising Toteff to settle the divorce case given that the abuse allegations would have been damaging to him at trial. A limiting instruction could have been provided to ensure that the jury in this case only considered the evidence for the purpose of determining whether Hemming's advice to Toteff was reasonable. "Jurors are presumed to follow their instructions . . . ." *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 302 Mich App 7, 25; 837 NW2d 686 (2013) (quotation marks and citation omitted).

Reversed and remanded for further proceedings. We do not retain jurisdiction. No taxable costs, as neither party has prevailed in full. MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly

-5-