# STATE OF MICHIGAN

# COURT OF APPEALS

Estate of JOHN ANTHONY SDAO, Deceased, by
JOHN SAM SDAO, Personal Representative,

       Plaintiff-Appellant/Cross-Appellee,

v

MAKKI & ABDALLAH INVESTMENTS, d/b/a
MOBIL GAS STATION, and JOHN DOE
CORPORATION and JANE DOE
CORPORATION,

       Defendants,

and

SARA CORPORATION, d/b/a TWELVE MILE &
CAMPBELL MART,

       Defendant-Appellee/Cross-
       Appellant,

and

JOHN DOE CORPORATION and JANE DOE
CORPORATION,

       Defendants,

and

YASSMINE WHOLESALERS,

       Defendant-Appellee.

UNPUBLISHED
January 21, 2016

No. 322646
Oakland Circuit Court
LC No. 2013-132325-NO

Before: SHAPIRO, P.J., and O'CONNELL and GLEICHER, JJ.

SHAPIRO, P.J. (*concurring*).

-1-

Although I disagree with some of the majority's analysis, I concur with its conclusion that the judgment in this case should be affirmed.

In my view, the trial court erred in dismissing the negligence claims. It did so on the basis of its conclusion that a reasonable juror could not conclude that defendants' actions were a proximate cause of death of plaintiff. However, proximate cause is generally an issue for the jury to determine. *Schutte v Celotext Corp*, 196 Mich App 135, 138; 492 NW2d 773 (1992); see also *Jones v Detroit Med Ctr*, 490 Mich 960, 961; 806 NW2d 304 (2011).

Despite this error, I would not reverse given the jury's conclusion that defendants' sale of K-2 was not a cause of the young man's suicide. The jury found that defendants violated the Consumer Protection Act, MCL 445.901 *et seq.*, but the jury found no liability because it answered, "No" to the question "did the plaintiff suffer a loss as a result of the [defendants] violation of the Consumer Protection Act." In so doing, the jury found that defendants' actions were not a cause of plaintiff's death. Indeed, in closing argument plaintiff's counsel argued, without objection, that the jury need only conclude that "but for the use of this drug" plaintiff would not have committed suicide. Plaintiff has not suggested any basis to conclude that a jury that rejected causation as required under the Consumer Protection Act would have accepted it under the more demanding proximate cause standard.

As to the evidentiary issues, while I do not fully subscribe to the majority's analysis, I agree that none of the trial court's evidentiary rulings constituted an abuse of discretion.


/s/ Douglas B. Shapiro